UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA GARZA, | ) |
| *Plaintiff,* | ) ) ) ) |
| v. | ) Case No. 1:23-cv-00038 (APM) |
| DONALD J. TRUMP, et al., | ) ) ) |
| *Defendants.* | ) ) ) |

### DEFENDANT DONALD J. TRUMP'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS

The D.C. Circuit is currently weighing important constitutional issues—absolute immunity and the freedom of speech in the *Blassingame* case, which will doubtlessly impact the issues raised here. Judicial economy suggests that this Court should consider waiting for that decision before deciding this motion. Moreover, Plaintiff has failed to factually justify her claims of conspiracy pursuant to 42 U.S.C. § 1985 and has as much as acknowledged that she cannot pursue any claims in her individual capacity. Plaintiff's case should be dismissed in its entirety.

I.   **President Trump's speech was protected by absolute immunity.**

As this Court knows, its ruling on absolute immunity in *Thompson* is on appeal to the D.C. Circuit, where the Department of Justice weighed in (at the Circuit's request) with a brief that generally urged a much broader view of the applicability of Presidential absolute immunity than was adopted by this Court, while suggesting that, in this particular case, a *Brandenburg*-related test be applied to determine its

application. Presumably, this Court will wish to wait for the appeal process to play out before deciding this motion. Plaintiff simply ignores all of this.

Notably, DOJ recognized that "[t]he traditional 'bully pulpit' of the Presidency" falls within the scope of absolute immunity. DOJ Amicus Curiae Brief ("DOJ Br."), at 12, *Blassingame, et al. v. Trump*, No. 22-5069, ECF No. 1988265 (D.C. Cir. Appeal docketed Mar. 22, 2022). This implicitly means that President Trump's speech on matters of public concern, especially when publicly addressing the entire nation, is conduct regularly engaged in by Presidents and may be within the outer perimeter of the President's Office, protected by absolute immunity.

Plaintiff asserts that certain speech can be exempted from the protection of absolute immunity based upon an evaluation of the motivations for the speech. Opp'n Br. at 5-7. In part, this argument suggests that since President Trump was a candidate for office, his speech was not an official act.

Yet, both the *Thompson* Court and the DOJ recognized that the line between "official" and "campaign" activities, particularly with respect to speech addressing matters of public concern, is vanishingly thin. *Thompson v. Trump,* 590 F. Supp. 3d 46, 80 (D.D.C. 2022) ("For one, the line between President and candidate will not always be clear. A first-term President is, in a sense, always a candidate for office."); DOJ Br. at 14-15 ("The Supreme Court in *Nixon* emphatically rejected an argument that otherwise-official acts lose immunity if they are motivated by an impermissible purpose. 457 U.S. at 756. That logic applies with even greater force to the suggestion that the President should be subject to suit for his official acts whenever those acts

are—or are plausibly alleged to have been—motivated by electoral or political considerations.").

Indeed, DOJ strongly suggested that this Court erred in *Thompson* when it found that political or policy messages could remove the protection of absolute immunity. DOJ Brief at 14 ("Nor is it appropriate to frame the immunity question—as even the district court appeared to do at times—in terms of whether the challenged conduct of the President was undertaken with a purpose 'to secure or perpetuate incumbency.' … The Supreme Court in *Nixon* emphatically rejected an argument that otherwise-official acts lose immunity if they are motivated by an impermissible purpose."). This is exactly the argument President Trump has consistently raised, that *Nixon v. Fitzgerald* holds that no investigation may be conducted into the motivation for a speech if it is within the outer perimeter of the President's office. ECF No. 24.1 at 13.

Among other things, Plaintiff has entirely failed to respond to President Trump's argument on pages 13-14 of his opening brief—which was not before this Court in *Thompson*— that if a *Brandenburg*-influenced test of the sort suggested by DOJ were to be adopted, basic immunity law requires that President Trump receive immunity unless it is "beyond debate" that his speech was not constitutionally protected. That question plainly isn't beyond debate, as members of the D.C. Circuit panel observed during oral argument in *Blassingame*. *Infra, at 5.*

President Trump respectfully submits that this Court should await the final result of the *Blassingame* appeal process, as that will undoubtedly provide guidance that the Court and parties will find useful.

## II. President Trump's speech was protected by the First Amendment.

Plaintiff seeks to recast President Trump's speech on January 6, 2021, which the *Thompson* Court and the DOJ labeled as speech on matters of public concern, as "dangerous" and inciting violence. Opp'n Br. at 9. Even if President Trump's speech was dangerous, Plaintiff has failed to plausibly allege it was aimed at inciting imminent violence. Plaintiff then goes on to largely reiterate positions from the *Thompson* Court's decision. *Id.* at 10-15.

"The primary question is whether the message conveyed . . . was of such a nature as to come within the ambit of the First Amendment Protection, or whether it must be placed in the categories of speech which the Supreme Court has held are not protected." *Allen v. District of Columbia*, 187 A.2d 888, 889 (D.C. 1963) (citing *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942)). The *Thompson* Court already found that President Trump's speech was on matters of public concern and was to the American public. *Thompson*, 590 F. Supp. 3d at 79.

The *Thompson* Court acknowledged that for the *Brandenburg* analysis, it could not consider anything other than President Trump's speech that day. *Id.* at 113. First, there is nothing in the speech explicitly encouraging violence or lawless action. *Id.* at 115 ("The President's words on January 6th did not explicitly encourage the imminent use of violence or lawless action.").

4

Second, President Trump's speech did not implicitly encourage the use of violence or lawless action. The *Thompson* Court erred in pointing to phrases such as "fight like hell. And if you don't fight like hell, you're not going to have a country anymore" to suggest that President Trump was "plausibly" encouraging his supporters to literally "fight." *Id.*

In *Hess v. Indiana*, the Court found that stating "[w]e'll take the f[***]ing streets later (or again)" while standing in front of a crowd of antiwar demonstrators after a number of demonstrators had just been forcibly removed from the street was protected speech. 414 U.S. 105, 107 (1973). Similarly, in *Nwanguma*, the Court found that exhorting a crowd to "get 'em out of here" several times in reference to a protestor at a political rally was neither an explicit nor implicit exhortation to violence, particularly when coupled with the admonition "don't hurt 'em." *Nwanguma*, 903 F.3d at 611–12.

President Trump's actual words on January 6th are less inflammatory than those at issue in *Hess* or *Nwanguma*, and, therefore, do not qualify as "implicit" incitement. The *Thompson* Court's contention also ignores the full textual context of President Trump's words. President Trump's use of the word "fight" was clearly metaphorical, referring to a political "fight," not a literal fistfight or other violent interaction. When read in context, President Trump's exhortation to "fight" is unambiguously a reference to applying political pressure, not engaging in illegal or violent activity, even absent his exhortation to the crowd to proceed "peacefully."

5

There is no implicit or explicit exhortation to violence in President Trump's speech. Even the D.C. Circuit panel reviewing the absolute immunity ruling in *Thompson* doubted that President Trump's words meet the *Brandenburg* standard. *See generally* Oral Argument Transcript at 64:5-7, *Blassingame v. Trump*, Case No. 22-5069 (D.C. Cir. Dec. 7, 2022) (Katsas, J.: "[Y]ou just print out the speech, which I have done, and read the words on the page, it doesn't look like it would satisfy the [*Brandenburg*] standard, right?"); *Id.* at 74:21-25 (Rogers, J.: "You acknowledge I think that the statement, the actual words used by the President, are not what the crowd actually did. In other words, the President didn't say break in, didn't say assault members of Congress, assault Capitol Police, or anything like that."). Plaintiff has not and cannot plausibly plead incitement because none of President Trump's well-documented statements urged violence or any other lawless or illegal activity. Plaintiff has failed to state a claim upon which relief may be granted.

III.    **The complaint fails to allege a violation of 42 U.S.C. § 1985.**

Plaintiff flatly alleges that it is sufficient that the *Thompson* Court's finding that other cases plausibly alleged that President Trump engaged in a conspiracy with some militant groups such as the Proud Boys and Oath Keepers to carry their burden of alleging a conspiracy here. Plaintiff, however, has not alleged any connection between the other two defendants and President Trump, and she has not alleged that either of the other two defendants are members of those organizations.

Plaintiff also suggests without any citation that it is clear that § 1985(1) applies to the President solely because President Trump did not present an example

6

of a Court that found that it did not apply to the President. Given the dearth of § 1985(1) lawsuits against Presidents, it is unsurprising that this issue has not been explored in detail by previous courts. Yet, President Trump pointed to authority for the premise that generally worded statutes do not always reach the Office of the Presidency. *Nixon*, 457 U.S. at 749–750; *Franklin v. Massachusetts*, 505 U.S. 788, 800–801 (1992). The logic of those decisions applies with equal force here.

IV. **Plaintiff tacitly admits that she has no standing to pursue claims in her individual capacity.**

Plaintiff's sole basis for standing is in her capacity as the personal representative of Mr. Sicknick's estate. Plaintiff lacks any standing to purse claims on her own behalf. Indeed, she tacitly acknowledges as much in her opposition brief by announcing that she is only pursing claims in her representative capacity. Pl.'s Br. In Opp'n., ECF No. 25, at 18-19. Her personal capacity claims are thus abandoned and should be dismissed.

## CONCLUSION

For the foregoing reasons, President Trump respectfully requests this Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: May 9, 2023                                    Respectfully submitted,

                                                      /s/ Jesse R. Binnall
                                                      Jesse R. Binnall, VA022
                                                      THE BINNALL LAW GROUP, PLLC
                                                      717 King Street, Suite 200
                                                      Alexandria, Virginia 22314
                                                      Tel: (703) 888-1943
                                                      Fax: (703) 888-1930

        jesse@binnall.com

        David A. Warrington
        D.C. Bar No. 1616846
        Jonathan M. Shaw
        D.C. Bar No. 446249
        Gary M. Lawkowski
        D.C. Bar No. 1781747
        DHILLON LAW GROUP, INC.
        2121 Eisenhower Ave, Suite 402
        Alexandria, Virginia 22314
        Tel: (703) 574-1206
        Fax: (415) 520-6593
        dwarrington@dhillonlaw.com
        jshaw@dhllonlaw.com
        glawkowski@dhillonlaw.com

        *Attorneys for Donald J. Trump*

## CERTIFICATE OF SERVICE

I certify that on May 9, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

        /s/ Jesse R. Binnall
        Jesse R. Binnall, VA022

        *Attorney for Donald J. Trump*