UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA GARZA, as the personal representative of THE ESTATE OF BRIAN SICKNICK <br><br> *Plaintiff*, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> *Defendants*. | Case No. 1:23-cv-00038 (APM) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Sandra Garza, as the personal representative of the Estate of Officer Brian Sicknick ("Plaintiff") respectfully moves this Court for leave to file the attached First Amended Complaint. Counsel for Defendant Donald Trump opposes this motion. As of this filing, Counsel for Defendants Tanios and Khater have not advised whether or not they consent to this motion. In support of this motion, Plaintiff states:

Pursuant to Fed.R.Civ.Pro. 15(a)(1)(B), "A party may amend its pleading once as a matter of course within: […] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Defendant George Tanios filed a Motion to Dismiss pursuant to Rule 12(b)(6) on May 10, 2023. This First Amended Complaint is therefore submitted within the time allowed by Rule 15(a)(1)(B). *Villery v. District of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011) ("[A] party has an absolute right to amend its

complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f).").

In opposing Plaintiff's request to amend the Complaint, Counsel for Defendant Donald Trump reads Rule 15(a)(1)(B) to be inapplicable, as more than 21 days have passed since Defendant Trump filed *his* 12(b)(6) Motion to Dismiss.

Therefore, in the alternative, if 15(a)(1)(B) does not result in 21 additional days to amend after a *different* co-defendant's 12(b)(6) motion, Plaintiff instead brings this motion pursuant to Fed.R.Civ.Pro. 15(a)(2), which states, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The grant or denial of leave to file an amended complaint under Rule 15(a)(2) lies in the sound discretion of the District Court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). The Court must, however, consider Rule 15's mandate that leave is to be freely given when justice so requires. *See Mouzon v. Radiancy, Inc.*, 309 F.R.D. 60, 64 (D.D.C. 2015). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id*. None of these reasons for denying leave exist in this case.

The Plaintiff's First Amended Complaint does not alter the subject matter at issue nor expand the universe of Defendants.  Nor would this First Amended Complaint create any undue delay or create any prejudice towards even one of the Defendants.  Plaintiff's modifications to the preexisting counts merely clarify information already alleged or obviously implied in the initial Complaint, and the First Amended Complaint actually *eliminates* two counts which the Plaintiff concedes are time-barred.  Finally, the newly added counts simply expand upon allegations previously made and introduce no new facts.

In support of this Motion, Counsel submits the following attachments:

1. Plaintiff's original complaint (ECF 1)
2. Redlined First Amended Complaint
3. "Clean" copy of the First Amended Complaint
4. A proposed order

WHEREFORE, Plaintiff moves this Court to grant leave to file the attached First Amended Complaint and that the First Amended Complaint be docketed accordingly.

Dated: May 31, 2023

Respectfully submitted,

 s/Matthew Kaiser
_____
KAISERDILLON PLLC
Matthew Kaiser (D.C. Bar No. 486272)
Noah Brozinsky (D.C. Bar No. 1655789)
1099 Fourteenth Street, N.W., 8th Fl.
Washington, D.C. 20005
Tel: (202) 640-2850
Email: mkaiser@kaiserdillon.com
          nbrozinsky@kaiserdillon.com

        *s/Philip Andonian*

        _____
        CALEBANDONIAN PLLC
        Philip Andonian (D.C. Bar No. 490792)
        Joseph Caleb (D.C. Bar No. 495383)
        1100 H Street, N.W. – Ste. 315
        Washington, D.C. 20005
        Tel: (202) 953-9850
        Email:  phil@calebandonian.com
                 joe@calebandonian.com

        *s/Mark S. Zaid*

        _____
        Mark S. Zaid, Esq. (D.C. Bar #440532)
        Bradley P. Moss, Esq. (D.C. Bar #975905)
        Mark S. Zaid, P.C.
        1250 Connecticut Avenue, N.W.
        Suite 700
        Washington, D.C. 20036
        (202) 498-0011
        (202) 330-5610 fax
        Mark@MarkZaid.com
        Brad@MarkZaid.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on May 31 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

        /s/ Noah Brozinsky
        Noah Brozinsky
        *Attorney for Plaintiff*