UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SANDRA GARZA | * | |
| Plaintiff | * | |
| v. | * | **Case No.: 1:23-cv-00038-APM** |
| DONALD J. TRUMP, et al., | * | |
| Defendants | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

**DEFENDANT TANIOS' STATEMENT OF POINTS AND AUTHORITIES
IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………………3

INTRODUCTION………………………………………………………………………….....5

STATEMENT OF MATERIAL FACTS……………………………………………………….5

ARGUMENT………………………………………………………………………………...8

1. The Plaintiff's Motion fails to comply with Local Rule LCvR7(a)..…………………8

2. The Plaintiff's Motion fails to comply with Local Rule LCvR7(m)…………………....9

3. It would be futile to grant leave to file the proposed First Amended Complaint because it still fails to sufficiently plead legally cognizable claims against Defendant Tanios..……………………………………...............................................10

    a. The Amended Wrongful Death Claim still fails to plead sufficient facts to state a legally cognizable claim.…………………………………........................11

    b. The New Count 2 for a Survivor's Action fails to state a legally cognizable claim. ………………………………………………........................12

    c. The Amended Conspiracy to Violate Civil Rights claim still fails to plead sufficient facts to state a legally cognizable claim.…………………………........................12

    d. Plaintiff has abandoned Count 3 for Assault…………………………………...13

    e. The Amended Negligence Per Se Claim(s) still fails to plead sufficient facts to state a legally cognizable claim………………………………………..13

    f. All counts as pleaded in the First Amended Complaint are barred by the Professional Rescuer Doctrine so the amendment would be futile………………..15

CONCLUSION……………………………………………………………………….......16

## TABLE OF AUTHORITIES

**CASES**

*De Sousa v. Dep't of State,* …………………………………………………………………...10
840 F. Supp. 2d 92 (D.D.C. 2012)


*Flowers v. Sting Security, Inc.,* …………………………………………………………….16
62 Md. App. 116 (1985)


*Forman v. Davis*, …………………………………………………………………………...10
371 U.S. 178 (1962)


*Gillespie v. Washington*, …………………………………………………………………....15
395 A.2d 18 (D.C. 1978).


*In re Interbank Funding Corp. Sec. Litig.*, ………………………………………………...11
629 F.3d 213 (D.C. Cir. 2010).


*Robinson v. Detroit News, Inc.*, …………………………………………………………11
211 F. Supp. 2d 101 (D.D.C. 2002).


*Smith v. Trump*, ……………………………………………………………..........14
2023 WL 417952 (U.S.D.C. Dist. of Columbia)


*Young v. Sherwin-Williams Co.*, …………………………………………………………16
569 A.2d 1173 (D.C. 1990)

**STATUTES**

D.C. Code §12-101 …………………………………………………………………...12
D.C. Code 16-2701(b) …………………………………………………………………...11
D.C. Code 16-2701(c) …………………………………………………………………...11
D.C. Code § 22-1322………………………………………………………………………13
D.C. Code § 32-701(3) …………………………………………………………………...11

18 U.S.C. §1752(a)(2) and (4) …………………………………………………………...14

**RULES**

Federal Rule of Civil Procedure 12(b)(6)  …………………………………………………..5, 8

Federal Rule of Civil Procedure 15(a) …………………………………………………..10

Local Rule LCvR7(a) …………………………………………………………………….8

Local Rule LCvR7(m) …………………………………………………………………….9

**OTHER**

STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, §14-03 (Rev. 2002)..…………………………………………………………………..12

Defendant, George Pierre Tanios, by his undersigned counsel, submits this Statement

of Points and Authorities In Opposition to Plaintiff's Motion For Leave To File First

Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule

LCvR7(a) of the Rules of the United States District Court for the District of Columbia, and

for reasons states:

## INTRODUCTION

This case arises out of the events that transpired at the United States Capitol on January

6, 2021, following a rally headlined by former President Donald Trump.  In this case the

Personal Representative of the Estate of Brian Sicknick, Sandra Garza, is seeking to recover

damages under the Wrongful Death Act despite her admission that his death on January 7, 2021,

was officially attributed to natural causes.  Plaintiff pleaded in the Complaint alternative theories

of recovery, without alleging that any of the wrongful conduct by Defendant Tanios caused any

financial harm to Mr. Sicknick or his beneficiaries.  Defendant Tanios filed a Motion to Dismiss

pursuant to Federal Rule 12(b)(6) because none of the alleged theories of recovery stated a claim

against him upon which relief could be granted.  On May 31, 2023 (the date upon which the

Plaintiff's Response was due to be filed) the Plaintiff filed a Motion for Leave to File First

Amended Complaint which included a proposed Amended Complaint that attempted to correct

the pleading defects identified within Defendant Tanios' Motion to Dismiss.[1]  Defendant Tanios

files this Response In Opposition to Plaintiff's Motion For Leave To File First Amended

Complaint because none of the proposed amendments will withstand a renewed Motion to

Dismiss.

## STATEMENT OF MATERIAL FACTS

---

[1] Plaintiff also dismissed Count 4 for Assault against Defendant Tanios because no amendment could rescue this claim.

Like the original, the proposed First Amended Complaint alleges sparse facts pertaining

to or concerning the claims against Defendant Tanios.  In addition to removing the improper

reference to "Bear Spray" and substituting it with "chemical spray," the First Amended

Complaint pleaded these new facts against Defendant Tanios:

**8.**     **Plaintiff Sandra Garza is the personal representative for the Estate of Brian Sicknick. She is named in his last will and testament as his domestic partner and as executer of the will.  On March 25th, 2021, she was duly qualified as the Executor for the Estate of Brian Sicknick in the Circuit Court for Fairfax County, Virginia**.  *(Page 3[2])*

***

**133.**     **The Defendants are liable to the Plaintiff, who is the duly qualified Executor of the personal estate of Brian Sicknick, for their acts which caused Sicknick's death. (*Page 39*)**

**134.**     **The Plaintiff has suffered financial loss from Officer Sicknick's death in the form of lost financial support that Officer Sicknick furnished or could have been expected to provide in the future, had he lived.  (*Page 39*)**

**135.**     **The Plaintiff has suffered further financial loss from Officer Sicknick's death in the form of reasonably calculable value of services that Officer Sicknick would have provided to Ms. Garza in the form of care, guidance, personal advice, and other pecuniary benefits that she and the Estate might reasonably have expected to derive from Officer Sicknick had he lived.  (*Page 39*)**

***

**139.**     **As more fully described in this Compliant, the Defendants actions directly and negligently caused the Wrongful Death of Officer Brian Sicknick.  (*Page 40*)**

**140.**     **Pursuant to the Survival Act, D.C. Code §12-101, Officer Brian Sicknick's right of action for wrongful and negligent conduct against the Defendants survives in favor of the Plaintiff. (*Page 40*)**

**141.**     **As a result of Officer Sicknick's death, Plaintiff has been deprived of his care, love attention companionship, and comfort which he would have provided had he not died as a result of the Defendants' wrongful conduct.  (*Page 40*)**

**142.**     **Plaintiff is entitled to compensatory damages as the surviving party.**

***

**155.**     **In addition to interfering with Congress' and the Vice President's official duties, the Defendants' conspiracy directly interfered with Officer Sicknick's official duties as a**

---

[2] Page number references herein pertain to the Redlined version of the proposed First Amended Complaint.

6

**Capitol Police Officer**.  (*Page 43*)

**156.     Pursuant to 2 U.S.C. §1961 *et seq.*, U.S. Capitol Police Officer Brian Sicknick had a lawful duty to police and protect the Capitol and its grounds on January 6, 2021.** (*Page 44*)

**157.     As set forth in this Complaint, the Defendants interfered with Officer Sicknick's duties when they assaulted him and other law enforcement officers guarding the Capitol's Lower West Terrace.** (*Page 44*)

**158.     As set forth in this Complaint, Defendant Tanios, in conspiracy with the other defendants, has admitted to engaging in disorderly and disruptive conduct that interfered with Officer Sicknick in his capacity as a Capitol Police Officer.[3]** (*Page 44*)

\*\*\*

**175**.     **Federal law 18 U.S.C. §1752(a)(2) makes it a crime to knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official function, engage in disorderly or disruptive conduct within restricted grounds; and subsection (4) makes it a crime to knowingly engage in any act of physical violence against any person or property in any restricted building or restricted grounds.** (*Page 47)*

**176.     The United States Capitol and its Lower West Terrace were restricted buildings or grounds on January 6, 2021, as they were buildings where a person protected by the Secret Service was temporarily visiting and were restricted in conjunction with an event designated as a special event of national significance – the counting of Electoral College votes pursuant to 18 U.S.C. §1752(c)(1)(B) and (C).** (*Page 47)*

**177.     18 U.S.C. §1752(a)(2) and (4) is, on its face, a criminal statute designed to protect public safety.** (*Page 47)*

**178.     Defendants Khater and Tanios violated this statute, by, among other things, participating in a riot at the U.S. Capitol and the assault upon Officer Sicknick as more fully described in this Complaint, during the certification of Electoral College votes while Vice President Mike Pence was visiting the Capitol.** (*Page 47)*

**179.     Officer Brian Sicknick is a member of the class of persons to be protected by this statute.** (*Page 48)*

**180.     Defendants Khater and Tanios are persons upon whom the statute imposes the specific duty to refrain from disorderly conduct or acts of violence while entering into a restricted building or grounds.** (*Page 48)*

---

[3] This allegation is demonstrably false.  At no point has this Defendant admitted to any conduct involving Officer Sicknick.  Notwithstanding, for the purpose of this paper the Court must assume the truth of the allegation.

On May 31, 2023, the date upon which the Plaintiff's Opposition to Defendant's Motion to Dismiss was required to be filed, counsel for Plaintiff wrote to the undersigned and inquired about whether Defense Counsel would consent to Plaintiff filing an Amended Compliant.  **See Exhibit A attached hereto**.  Counsel for Defendant requested a copy of the First Amended Complaint to assist him in determining whether consent should be given.  **See Exhibit B attached hereto**.  Plaintiff's counsel never responded to this request and never shared a copy of the amended pleading for which consent was sought.  Instead, Plaintiff's counsel misleadingly stated in its Motion for Leave to File First Amended Complaint that "[a]s of this filing, Counsel for Defendants Tanios … have not advised whether or not they consent to this motion." (See Doc. 35, page 1)

## ARGUMENT

The Plaintiff's Motion for Leave to File First Amended Complaint should be rejected by this Court because it does not comply with the spirit or the meaning of the applicable local Rules governing the filing of non-dispositive motions.  Even if the Court decides to consider the Plaintiff's non-compliant motion, it should be denied because it was filed more than 21 days after a Motion under Rule 12(b) was filed and without the consent of the opposing parties. Finally, this Court should deny the Plaintiff's motion because the proposed First Amended Complaint does not adequately plead facts giving rise to legally cognizable claims against Defendant Tanios, and therefore the amendment would be futile.

1. **The Plaintiff's Motion fails to comply with Local Rule LCvR7(a).**

Rule LCvR7(a) provides that "[e]ach motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts."  The Plaintiff's Motion for Leave to File First Amended Complaint neither contains a statement of specific points of law and authority, nor a concise

statement of facts.  Plaintiff's failure to provide the required statement was done to obtain an unfair

advantage - avoiding a substantive response to the pending motion to dismiss and avoiding an

explanation of how the Amendments rescue the alleged deficiencies.  The Court and counsel should

not have to undertake another journey through another pleading phase to determine if Plaintiff has

made any amendments to state a cause of action when the initial pleading certainly did not.

Accordingly, the Motion should not be considered.

  **2. The Plaintiff's Motion fails to comply with Local Rule LCvR7(m).**

  Rule LCvR7(m) provides as follows:

> "Before filing any nondispositive motion in a civil action, <u>counsel shall discuss the
> anticipated motion with opposing counsel in a good-faith effort to determine whether there is
> any opposition to the relief sought and, if there is, to narrow the areas of disagreement</u>. The
> duty to confer also applies to non-incarcerated parties appearing *pro se*. A party shall include
> in its motion a statement that the required discussion occurred, and a statement as to whether
> the motion is opposed." (Emphasis supplied.)

In this case, the Plaintiff failed to engage in such a good faith discussion.  Instead, she prevented

the Defense Counsel from determining whether to give consent to the anticipated motion.

Plaintiff sought the undersigned's consent to file an amendment without sharing a copy of the

anticipated amendment.  **Ex. A**. The undersigned requested a copy of the anticipated amendment

to assist them in determining whether to consent -- specifically stating: "Can you provide me

with a copy of proposed amendment. I cannot consent without seeing it" -- and never heard from

Plaintiff again.  **Ex. B**.  This conduct neither complies with the spirit of the Rule, nor the

meaning of the Rule.  Indeed, rather than informing the Court in a potentially misleading, but

charitably, at best, incomplete manner that, "[a]s of this filing, Counsel for Defendants Tanios

and Khater have not advised whether or not they consent to this motion," Plaintiff should have

informed the Court that Counsel for Defendant Tanios has not consented because Plaintiff made

the decision to not provide a copy of the proposed Amended Complaint. This begs the question

why Plaintiff did not provide a copy for Defense Counsel to review. A logical assumption

follows that Plaintiff recognized the continued failure of the proposed Amended Complaint and

did not want to provide additional time for Defense Counsel to discover and address them.

Accordingly, the Motion should not be considered.

3. **It would be futile to grant leave to file the proposed First Amended Complaint because it still fails to sufficiently plead legally cognizable claims against Defendant Tanios.**

Rule 15(a) permits a party to amend its pleading once as a matter of course within 21

days after serving it, or, in the case of a Complaint, within 21 days after service of a motion

under Rule 12(b). *See F.R.C.P. 15(a)(1)(A) and (B)*. In this case, Defendant Trump filed and

served a Motion to Dismiss the Complaint under Rule 12(b) on April 3, 2023. Thus, the Plaintiff

has lost its matter of right under Rule 15(a)(1) to amend the Complaint after April 24, 2023. As

a result, the Plaintiff has filed the instant Motion for Leave to File First Amended Complaint

under Rule 15(a)(2) which permits a party to amend if all parties consent or if the Court grants

leave. *See* F.R.C.P. 15(a)(2). In this case the Defendants have not consented to the amendment.

Thus, the Plaintiff needs leave of the Court to amend the Complaint. The Court should freely

grant leave when justice so requires. *Id*. This has been interpreted to mean that leave should be

granted in the absence of undue delay, bad faith, or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, and the like.

*See Forman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny a motion to amend a

complaint if amending the complaint would be futile. *De Sousa v. Dep't of State,* 840 F. Supp. 2d

92, 113 (D.D.C. 2012) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "An amended

complaint is futile if it merely restates the same facts as the original complaint in different terms,

reasserts a claim on which the court previously ruled, fails to state a legal theory or could not

withstand a motion to dismiss." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114

(D.D.C. 2002). Courts apply the same standards as they would on a motion to dismiss. *See In re*

*Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 215-16 (D.C. Cir. 2010).   The above-

referenced newly pleaded facts demonstrate the futility in permitting the proposed amendments

because none of them correct the deficiencies or state legally cognizable claims against this

Defendant.

> a. **The Amended Wrongful Death Claim still fails to plead sufficient facts to state a legally cognizable claim.**

In this Defendant's Motion to Dismiss it was argued that a wrongful death claim under

D.C. Code §16-2701(b) seeks to compensate the spouse, domestic partner, or next of kin of a

decedent for their financial loss resulting from the death.  It is clear from the proposed

amendments that the Plaintiff does not allege that she was Officer Sicknick's spouse or next of

kin.  She also has not pleaded that Officer Sicknick was survived by a spouse or next of kin.

Instead, she vaguely alleges that she was identified in Officer Sicknick's will as his "domestic

partner."  However, the Wrongful Death Act makes it clear that this is not sufficient.

Specifically, D.C. Code §16-2701(c) provides that "[f]or the purposes of this section, the term

'domestic partner' shall have the same meaning as provided in §32-701(3)."  Under D.C. Code §

32-701(3) parties must be registered as domestic partners with the District of Columbia in order

to qualify as such within the meaning of the Wrongful Death Act.  In this case, the Plaintiff does

not, and cannot,[4] allege that she and Officer Sicknick were registered as domestic partners under

D.C. Code  at the time of his death.

---

[4] It is widely known that the Plaintiff has stated in interviews that she was the former girlfriend of Officer Sicknick and that they had broken up months before January 6, 2021.  This explains why the Plaintiff has not more clearly pleaded her exact relationship with the decedent at the time of his death in the Complaint.

Additionally, the Plaintiff has not pleaded any facts demonstrating that, even if she was registered as a domestic partner, she was receiving some financial support from the Plaintiff or was receiving services from him that had a pecuniary value, such that his death has resulted in a financial loss to her.[5] Instead, the Plaintiff baldly states that she has suffered such financial loss as a result of his death. This will not meet the federal pleading standards and the proposed amendment would be futile. The above-referenced newly pleaded facts demonstrate the futility in permitting the proposed amendments because none of them correct the deficiencies or state legally cognizable claims against this Defendant.

**b.  The New Count 2 for a Survivor's Action fails to state a legally cognizable claim.**

The proposed First Amended Complaint has pleaded a new Count 2 as a Survivor's Action under D.C. Code §12-101. A Survivor's action in the District of Columbia seeks the recovery of the decedent's estate's financial losses and the decedent's non-economic damages suffered between the time of his injury and his death. See STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, §14-03 (Rev. 2002). Plaintiff apparently misunderstands this and alleges "[a]s a result of Officer Sicknick's death, Plaintiff has been deprived of his care, love, attention, companionship, and comfort which he would have provided had he not died…." (Doc. 35-2 at Para. 141) Plaintiff does not plead any facts demonstrating the decedent's injuries before his death or the financial loss to his estate caused by his death. Instead, Plaintiff is seeking compensatory damages for her losses, not the losses suffered by the decedent. Thus, this newly pleaded count will not survive a Motion to Dismiss, and the amendment would be futile.

**c.  The Amended Conspiracy to Violate Civil Rights claim still fails to plead sufficient facts to state a legally cognizable claim.**

---

[5] As Officer Sicknick's ex-girlfriend, it is doubtful that she can truthfully plead that she was receiving financial support or services from him prior to his death.

In his Motion to Dismiss this Defendant argued that Count 2 of the Complaint should be dismissed because Plaintiff failed to plead that there existed a conspiracy to interfere with the performance of Officer Sicknick's official duties.  Instead, the Plaintiff alleged that there was a conspiracy involving the official duties of Congress and the Vice President in certifying the Electoral College vote.  The proposed amended facts do not correct this defect.  Plaintiff simply proposes to clarify what Officer Sicknick's duties and responsibilities were on January 6, 2021. Importantly, Plaintiff still does not allege that anyone conspired to prevent him from holding his employment as a Capitol Police Officer, to interfere with the performance of his duties, or to force him to leave a place where the performance of his duties was required.  The proposed First Amended Complaint does not plead that this Defendant conspired to prevent Officer Sicknick from policing and protecting the Capitol on January 6, 2021. The above-referenced newly pleaded facts demonstrate the futility in permitting the proposed amendments because none of them correct the deficiencies or state legally cognizable claims against this Defendant.

### d.  Plaintiff has abandoned Count 3 for Assault.

Plaintiff has recognized her failure to state a claim for Assault and conceded that it is time barred. *See* Motion for Leave, p. 2 and Redlined First Amended Complaint, stricken paragraphs 160-164.

### e.  The Amended Negligence Per Se Claim(s) still fails to plead sufficient facts to state a legally cognizable claim.

In his Motion to Dismiss, this Defendant argued that Count 4 for Negligence Per Se predicated on an alleged violation of the District's anti-riot statute (D.C. Code § 22-1322) fails to state a claim upon which relief can be granted. Defendant emphasized that this Court has already conclusively determined that such a negligence *per se* count fails to state a claim under District

of Columbia law because the referenced criminal statute is not the type of criminal statute that

District of Columbia law would recognize to support a negligence *per se* theory. Defendant

Tanios' Memorandum of Points & Authorities at 22 (citing *Smith v. Trump*, 2023 WL 417952

(U.S.D.C. Dist. of Columbia)(court agrees "that this claim fails because none of the statutes

Plaintiff cites [including § 22-1322] are the type of criminal statute that District of Columbia

would recognize to support a negligence *per se* theory")).

Plaintiff fails to address this point in her Motion for Leave and makes no substantive

revision to the paragraphs under Count 4 for Negligence Per Se. Instead, she merely intends to

but fails to revise a reference to incorporating "paragraphs 27 -- XXX." Any amended prior

paragraph does not and cannot overcome this Court's prior determination in *Smith* that the

referenced criminal statute simply is not the type of criminal statute that the District would

recognize to support a negligence per se theory. The above-referenced newly pleaded facts

demonstrate the futility in permitting the proposed amendments because none of them correct the

deficiencies or state legally cognizable claims against this Defendant.

Despite making no effort to address this Court's determination in *Smith* as to Count 4,

Plaintiff attempts to plead a new, additional count, Count 5 for negligence per se based on a

violation of a different statute: 18 U.S.C. §1752(a)(2) and (4). According to Plaintiff, "Federal

Law 18 U.S.C. §1752(a)(2) makes it a crime to knowingly, and with intent to impede or disrupt

the orderly conduct of Government business or official function, engage in disorderly or

disruptive conduct within restricted grounds; and subsection (4) makes it a crime to knowingly

engage in any act of physical violence against any person or property in any restricted building

or restricted grounds." *See* Redlined Proposed Amended Complaint, ¶ 175.

Although this at least demonstrates some effort, where none was attempted in response to

14

Count 4, it also ignores this Court's determination in *Smith* regarding criminal statutes with similar language to those now relied upon in the new Count 5. In *Smith,* this Court also addressed D.C. Code § 10-503.16(b)(6), which bars individuals from "willfully and knowingly ... engag[ing] in any act of physical violence upon the United States Capitol Grounds or within any of the Capitol Buildings." and 40 U.S.C. § 5104(e)(2)(F) which makes it unlawful for individuals to "willfully and knowingly . . . engage in an act of physical violence in the Grounds or any of the Capitol Buildings." This Court concluded that "None of these statutes imposes 'specific guidelines to govern behavior.' Rather, they are generally drawn statutes applicable to all and prohibit certain behaviors. They therefore cannot sustain a claim of negligence per se." For the same reasons, Plaintiff's newly added Count 5 seeking liability for negligence per se predicated upon a violation of 18 U.S.C. §1752(a)(2) and (4) fails to state a claim upon which relief can be granted, and permitting the Amended Complaint in this regard will be futile as it will not survive a renewed Motion to Dismiss.

### f. All counts as pleaded in the First Amended Complaint are barred by the Professional Rescuer Doctrine so the amendment would be futile.

Even if this Court were to find that the Plaintiff's proposed First Amended Complaint corrected the pleading deficiencies addressed in the Motions to Dismiss, the surviving counts would all be barred by the Professional Rescuer Doctrine.  The Professional Rescuer Doctrine, otherwise known as the "Fireman's Rule," generally precludes recovery in tort for those whose business it is to save lives and prevent injury to persons and property. It states that those engaged in rescue work as part of their employment may not, as a matter of law, recover for injuries sustained by them on the job, from those whose negligence was the proximate cause of the injuries. *Gillespie v. Washington*, 395 A.2d 18, 20 (D.C. 1978).

Under the professional rescuer doctrine, the professional rescuer is held to have assumed the risks attending his work. "Those dangers which are inherent in professional rescue activity, and therefore foreseeable, are willingly submitted to by the professional rescuer when he accepts the position and the remuneration inextricably connected therewith." *Id.; see also Young v. Sherwin-Williams Co.*, 569 A.2d 1173 (D.C. 1990) ("The rationale underlying the rule is that professional rescuers, such as police or firefighters, have assumed the risks inherent in the profession for which they are compensated by the public"); *Flowers v. Sting Security, Inc.*, 62 Md. App. 116, 123 n.1 (1985) ("Although called 'the fireman's rule,' the rule is without exception applied to policemen as fully as it is to firemen. The rule is applied to bar certain tort causes of action by firemen and policemen injured during the course of their hazardous occupations.") (Emphasis added). The proposed First Amended Complaint now alleges that Officer Sicknick was responsible for policing and protecting the Capitol Building and grounds on January 6, 2021.  All the claims pleaded in the First Amended Complaint involve injuries that were allegedly suffered by Officer Sicknick in the performance of his professional activities while policing and protecting the Capitol Building and grounds as a Capitol Police Officer. Thus, the proposed amendments to the Complaint would be futile and the Plaintiff's claims cannot survive a Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Leave to File First Amended Complaint should be denied.

Respectfully submitted,

16

James R. Andersen (Bar ID: MD0186)
Roderick R. Barnes (Bar ID: MD0158)
Adam T. Sampson (Bar ID: MD0188)
Rollins, Smalkin, Richards & Mackie, L.L.C.
300 E. Lombard Street, Suite 900
Baltimore, MD 21202
Ph: (410) 727-2443
Fx: (410) 727-8390
jandersen@rsrm.com
rbarnes@rsrm.com
asampson@rsrm.com
*Attorneys for Defendant George Pierre Tanios*

17

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of June 2023, a copy of the foregoing

Defendant Tanios' Statement Of Points And Authorities In Opposition To Plaintiff's Motion

For Leave To File First Amended Complaint, and proposed Order were served via the Court's

e-filing to:

Matthew Kaiser, Esquire
Noah Brozinsky, Esquire
KaiserDillon PLLC
1099 Fourteenth Street, NW, 8th Floor
Washington, DC 20005

Philip Andonian, Esquire
Joseph Caleb, Esquire
CalebAndonian PLLC
1100 H Street, N.W., Suite 315
Washington, DC 20005

Mark S. Zaid, Esquire
Bradley P. Moss, Esquire
Mark S. Zaid, P.C.
1250 Connecticut Ave., NW, Suite 700
Washington, DC 20036
*Attorneys for Plaintiff*

Jesse R. Binnall, Esquire
Binnall Law Group
717King Street, Suite 200
Alexandria, VA 22314
*Attorney for Defendant Donald J. Trump*

David Patrick Sheldon, Esquire
Law Offices of David P. Sheldon, PLLC
100 M Street, SE, Suite 600
Washington, DC 20003
*Attorney for Defendant Julian Elie Khater*

Roderick R. Barnes (Bar ID: MD0158)