UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA GARZA, )<br>)<br>  *Plaintiff,* )<br>)<br>v. )<br>)<br>DONALD J. TRUMP, et al., )<br>)<br>  *Defendants.* )<br>) | Case No. 1:23-cv-00038 (APM) |

### DEFENDANT DONALD J. TRUMP'S OPPOSITION IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff should not be allowed to amend her complaint as a matter of course, as to allegations and claims concerning President Trump, because the time for doing so has expired pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Although leave to amend a complaint early in the life cycle of a case is often unobjectionable, here it would prejudice President Trump because his claim of absolute immunity remains pending and should be decided before he is required to be further burdened by this litigation by being required to respond to the proposed amended complaint, which includes an entirely new claim. Consequently, the motion for leave to amend should be denied without prejudice until after the question of absolute immunity is finally resolved or held in abeyance until then.

### BACKGROUND

Plaintiff filed this lawsuit against President Donald J. Trump and two other defendants on January 5, 2023. President Trump filed a timely motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) on April 3, 2023. That motion to dismiss included the defense of absolute immunity, as the claims against President Trump occurred during his term of office and concerned activities falling within the outer perimeter of his presidential duties. That motion has now been fully briefed and is ripe for the Court's decision. On May 10, 2023, Defendant Tanios filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Ostensibly under the belief that Mr. Tanios' motion reopened the period under which she could amend her complaint as a matter of course, Plaintiff sought to amend her complaint on May 31, 2023. President Trump opposes the proposed amendment at this stage of the proceedings.

## ARGUMENT

### I.   Plaintiff's time for amending as a matter of right has expired.

A plaintiff may amend once as a matter of course within 21 days of service or "within 21 after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The advisory committee notes on the rule further explain that "{t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.

2

President Trump filed his motion to dismiss on April 3, 2023, triggering the 21-days under which Plaintiff could amend her complaint as a matter of course. While Defendant Tanios moved to dismiss on May 10, 2023., that motion did not restart the clock, allowing Plaintiff to amend her complaint as to all defendants, as she has attempted to do here. If anything, such an amendment would be limited to Defendant Tanios.

Here, however, Plaintiff's proposed amendment applies equally to President Trump and the other defendant. Consequently, any amendment should be considered under Fed. R. Civ. P. 15(b) and the leave of Court is required before amendment is allowed.

## II. No further litigation, including this motion, is appropriate until the question of absolute immunity is finally resolved.

It is true that district courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(b). President Trump, however, raised the defense of absolute immunity, which protects defendants not only from judgments but from all of the burdens of litigation. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (recognizing that immunity is an entitlement to avoid the burdens of litigation); *Nixon v. Fitzgerald*, 457 U.S. 731, 746 (1982) (finding that immunity exists in qualified and absolute form depending on the executive branch officials' function and protects from the burdens of litigation); *see also Chang v. United States*, 246 F.R.D. 372, 374 (D.D.C. 2007) (early adjudication of immunity disputes is necessary "to spare the official of the tribulation and expense of defending the suit at all"). Requiring

3

President Trump to respond to an amended complaint while his claim of immunity is pending would run afoul of this prohibition.

Practically speaking, the issue of presidential immunity in this and similar cases is already making its way through the appellate process. As this Court is aware, the D.C. Circuit is currently considering the issue in *Blassingame v. Trump,* No. 22-5069 (D.C. Cir. Appeal docketed Mar. 22, 2022). That decision will likely impact the question in this case. After the immunity question is finally resolved as to President Trump, then the questions of any amendments can more fully be presented and considered by the Court, depending on what defendants and claims remain in the case. At the very least, President Trump's requirement to respond to the Amended Complaint should be stayed while immunity remains pending.

## CONCLUSION

Plaintiff's proposed amendment should either be denied or held in abeyance until after the question of absolute immunity is finally resolved. Should the Court allow the amendment, then President Trump's requirement to respond to the Amended Complaint should be stayed until the question of immunity is finally resolved.

Dated: June 7, 2023                                                  Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall, VA022
THE BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943

Fax: (703) 888-1930
jesse@binnall.com

David A. Warrington
D.C. Bar No. 1616846
Jonathan M. Shaw
D.C. Bar No. 446249
Gary M. Lawkowski
D.C. Bar No. 1781747
DHILLON LAW GROUP, INC.
2121 Eisenhower Ave, Suite 402
Alexandria, Virginia 22314
Tel: (703) 574-1206
Fax: (415) 520-6593
dwarrington@dhillonlaw.com
jshaw@dhllonlaw.com
glawkowski@dhillonlaw.com

*Attorneys for Donald J. Trump*

## CERTIFICATE OF SERVICE

I certify that on June 7, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jesse R. Binnall
Jesse R. Binnall, VA022

*Attorney for Donald J. Trump*