## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SANDRA GARZA, individually and as | ) | |
| the personal representative | ) | |
| of THE ESTATE OF BRIAN SICKNICK, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD J. TRUMP, | ) | Case No. 1:23-cv-00038 (APM) |
| JULIAN KHATER, | ) | |
| and GEORGE TANIOS, | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANT JULIAN KHATER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT.

Defendant Julian Khater, by and through undersigned counsel, respectfully submits this Answer to the Amended Complaint, ECF No. 35, filed by the Plaintiff Sandra Garza, individually and as the personal representative of the estate of Brian Sicknick.

To the extent the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Amended Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Amended Complaint in like numbered paragraphs as follows:

## FIRST AMENDED COMPLAINT

1.      The Defendant denies the allegations in this paragraph.

2.      The Defendant denies the allegations in this paragraph which concern the Defendant's conduct.  The Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

3.       The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, the Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

4.      The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, the Defendant denies the allegations in this paragraph.

5.      The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, the Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

6.      The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, the Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

7.      The Defendant denies the allegations in this paragraph.

## I.
## PARTIES

8.       Defendant admits that Plaintiff Sandra Garza is the personal representative for the Estate of Brian Sicknick. Defendant denies that Sandra Garza was Brian Sicknick's domestic partner at the time of Sicknick's death. Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

9.      Defendant admits that Defendant Donald J. Trump was the 45th President of the United States. Defendant denies the remaining allegations of this paragraph.

10.     Defendant denies the allegations of this paragraph.

11.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, the Defendant denies the allegations in this paragraph.

12.     Defendant admits that he is domiciled in Somerset, New Jersey. Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

13.     Defendant admits that he contacted Defendant Tanios on January 5, 2021. Defendant denies that he discussed purchasing bear spray, pepper spray, or any other type of disabling spray or weapon of any kind, with Defendant Tanios. Defendant admits that Defendant Tanios gave Defendant a small, handheld canister of pepper spray.

14.     Defendant admits that he sprayed Officer Sicknick with pepper spray. Defendant lacks information sufficient to form a belief as to the exact distance with which the spray was administered upon Officer Sicknick. Defendant denies the remaining allegations in this paragraph.

15.     Defendant admits that on August 26, 2022, he pled guilty to Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon (pepper spray), in violation of 18 U.S.C. § 111(a)(1) and (b). Defendant further admits that Officer Sicknick was one of the officers he admitted to assaulting as a part of his guilty plea. Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

## II.
## JURISDICTION AND VENUE

16.     This paragraph does not contain allegations of fact but rather conclusions of law regarding subject-matter jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant admits that this Court has jurisdiction over claims properly brought under 28 U.S.C. §§ 1331, 1367 and 42 U.S.C. § 1985. However, Defendant denies that Plaintiff has properly brought any such claims.

17.     This paragraph does not contain allegations of fact but rather conclusions of law regarding personal jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant admits that this Court has personal jurisdiction over persons in the District of Columbia, pursuant to Fed. R. Civ. P. 4(k)(1)(A) and D.C. Code § 13- 423.

18.     This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed required, Defendant admits that venue lies in this judicial district for a proper claim under 42 U.S.C. § 1985. However, Defendant denies that Plaintiff has made any such claim.

## III.
## RELEVANT FACTUAL BACKGROUND

19.     Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

20.     Defendant admits the allegations in this paragraph.

21.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

22.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

23.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

24.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

25.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

26.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

27.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

28.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

29.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

30.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

31.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

32.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

33.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

34.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

35.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

36.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

37.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

38.     Defendant admits the allegations in this paragraph.

39.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

40.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

41.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

42.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

43.     Defendant admits the allegations in this paragraph.

44.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

45.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

46.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

47.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

48.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

49.     Defendant admits the allegations in this paragraph.

50.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

51.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

52.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

53.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

54.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

55.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

56.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

57.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

58.     Defendant admits that Defendant Trump promoted a protest to take place in D.C. on January 6, 2021. Defendant denies that he interpreted Defendant Trump's call to protest as a call to violence. Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

59.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

60.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

61.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

62.     Defendant denies that he interpreted Defendant Trump's promotion of a protest in D.C. on January 6, 2021, as a call to violence. Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

63.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

64.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

65.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

66.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

67.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

68.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

69.     Defendant admits to being in Washington, D.C., on the morning of January 6, 2021. Defendant further admits that his purpose in traveling to D.C. was, as this paragraph states, to exercise his First Amendment rights by attending "a political rally". Defendant denies the remaining allegations in this paragraph.

70.     Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

71.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

72.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

73.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

74.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

75.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

76.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

77.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

78.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

79.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

80.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

81.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

82.     Defendant denies that Defendant Trump's speech signified a "clear call to action". Defendant further denies that his actions were indicative of any kind of response to this non-existent call to action. Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

83.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

84.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

85.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

86.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

87.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

88.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

89.    Defendant admits to being in the vicinity of the U.S. Capitol at around 2:09 pm on January 6, 2021. Defendant denies entering restricted grounds. Defendant did not encounter any "No Trespassing" signs or cross any barricades or barriers, and received no notification from the Capitol Police or PA system. Defendant did not learn that the D.C. government had imposed a curfew until receiving a notification on his cell phone nearly an hour later.

90.    Defendant admits the allegations in this paragraph. Defendant denies using bear spray against Officer Sicknick.

91.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

92.    Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

93.    Defendant admits to being sprayed by officers in the vicinity of the U.S. Capitol with varied chemical agents, which caused the Defendant to become upset, panicked, and fearful for his safety and life. Defendant denies pulling down barriers and assaulting and attacking officers with his hands and feet and other objects. Defendant admits that in his state of heightened fear and anxiety, he sprayed Officer Sicknick with pepper spray. Defendant avers that, especially because it was a windy day, Officer Sicknick may have been hit by spray from his own colleagues as well as from Defendant. Defendant lacks information sufficient to form a belief as to the exact distance with which the spray was administered upon Officer Sicknick.

94.     Defendant admits to discharging chemical spray at Officer Sicknick. Defendant admits that the chemical spray incapacitated Officer Sicknick for an extremely short period of time. Defendant admits that the spray he discharged Officer Sicknick hit two other officers, but denies that such spraying was intentional. Defendant denies spraying officers directly in the face. Defendant lacks information sufficient to form a belief as to the exact distance from these officers that Defendant was located when the officers were hit with the spray.

95.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

96.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

97.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

98.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

99.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

100.    Defendant admits becoming aware, at around 3:00 pm, of the D.C. government's imposition of an emergency city-wide curfew, to begin at 6:00 pm. Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

101.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

102.    Defendant admits that these events were widely reported. Defendant denies being aware of this reporting at the time.

103.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

104.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

105.    Defendant denies that Officer Sicknick's tragic death in any way, directly or indirectly, resulted from the events of January 6, 2021. Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

106.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

107.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

108. Defendant admits the allegations in this paragraph.

109. Defendant admits that the District of Columbia's Chief Medical Examiner determined that Officer Sicknick died of a series of strokes. Defendant further admits that the Medical Examiner also stated that "all that transpired on [January 6] played a role in his condition" but denies that this remark in any way supports Plaintiff's claim.

110. Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

111. The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

112. Defendant admits that in August 2022, Defendant signed a factual proffer as part of Defendant's plea agreement arising out of the events of January 6, 2021. Defendant further admits that his proffer admits to "assaulting, resisting, or impeding [Officer Sicknick] using a dangerous weapon." The remaining allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph.

113. The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

114. Defendant admits that the remarks in this paragraph were made but denies their applicability to Defendant's conduct in this matter.  Defendant denies attempting to enter the

U.S. Capitol for any reason, and further denies taking any action to stop the certification of the 2020 U.S. Presidential Election.

115.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

116.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

117.     The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

**IV.**
**CLAIMS FOR RELIEF**

**COUNT 1**
**Wrongful Death**
**D.C. Code § 16-2701**
**(Against all Defendants)**

118.     Defendant incorporates by reference his admissions, denials, and pleas of lack of information sufficient to form a belief to paragraphs 1 – 117 above, inclusive.

119.     The allegations in this paragraph are a statement of the law, to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

120.     Defendant denies the allegations in this paragraph. Defendant never stormed the U.S. Capitol. Defendant went to the U.S. Capitol believing that a second speech would occur there.

121.    Defendant lacks information sufficient to form a belief as to whether Defendant Trump spoke these exact words. Regardless, Defendant did not interpret any of Defendant Trump's statements as a call to violence.

122.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

123.    Defendant denies that the tragic death of Officer Sicknick arose from anything other than natural causes, as the D.C. Medical Examiner explained in his autopsy report. The remaining allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

124.    Defendant denies the allegations in this paragraph. Defendant encountered Officer Sicknick outside the U.S. Capitol. Defendant never entered the Capitol, by legal or illegal means.

125.    Defendant denies the allegations in this paragraph. Defendant did not carry weapons or objects such as poles, fire extinguishers, plastic handcuffs, or rope.

126.    Defendant denies the allegations in this paragraph. Defendant did not enter the offices of Members of Congress, or any other areas of the U.S. Capitol, public or non-public. Defendant did not damage or vandalize personal and public property, or steal documents, electronics, or any other items.

127.    Defendant denies the allegations in this paragraph. Defendant did not threaten to kill law enforcement officers, Vice President Pence, Speaker Pelosi, or any other person. Defendant did not terrorize or injure scores of people inside and outside of the U.S. Capitol. Defendant did not injure Officer Sicknick.

128.    Defendant admits to spraying Officer Sicknick. Defendant did so in a state of panic, in response to the discharge of chemical agents by the Capitol Police, and because of the fear and agitation he felt about the chaos enveloping him. Defendant denies the remaining allegations in this paragraph.

129.    Defendant denies the allegations in this paragraph. Defendant admits that the spray he discharged contacted Officer Sicknick. Within minutes of this encounter, however, Officer Sicknick had returned to his position outside the U.S. Capitol. Defendant denies that Officer Sicknick suffered any injury because of Defendant's actions.

130.    Defendant admits the allegations in this paragraph.

131.    Defendant denies the allegations in this paragraph. The actions of the Defendant played no role in Officer Sicknick's death, significant or otherwise.

132.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

133.    Defendant denies the allegations in this paragraph.

134.    Defendant denies the allegations in this paragraph.

135.    Defendant denies the allegations in this paragraph.

136.    Defendant denies the allegations in this paragraph.

137.    Defendant denies the allegations in this paragraph.

**COUNT 2**
**Survivor's Action**
**D.C. Code § 12-101**
**(Against all Defendants)**

138.    Defendant incorporates by reference his admissions, denials, and pleas of lack of information sufficient to form a belief to paragraphs 1 – 137 above, inclusive.

139.    Defendant denies the allegations in this paragraph.

140.    Defendant denies the allegations in this paragraph.

141.    Defendant denies the allegations in this paragraph.

142.    Defendant denies the allegations in this paragraph.

**COUNT 3**
**Conspiracy to Violate Civil Rights (Interference with Official Duties)**
**42 U.S.C. § 1985(1)**
**(Against all Defendants)**

143.    Defendant incorporates by reference his admissions, denials, and pleas of lack of information sufficient to form a belief to paragraphs 1 – 142 above, inclusive.

144.    The allegations in this paragraph are a statement of the law, to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

145.    Defendant denies the allegations in this paragraph. Defendant never agreed with any other person to prevent Congress and Vice President Pence from discharging their duties to count the Electoral College vote and certify President Biden and Vice President Harris as the winners of the 2020 Presidential Election. Defendant further denies inducing Congress and Vice President Pence to leave the U.S. Capitol in the performance of their official duties by interrupting, hindering, and impeding the performance of those duties.

146.    Defendant denies forming a violent conspiracy whose aim was to unlawfully thwart the results of the 2020 Presidential Election. Defendant did not travel to D.C., the U.S. Capitol, or anywhere else with any intentions of violence. Defendant lacks information sufficient to form a belief as to the intent or state of mind of Defendant Trump, or why he made any statement, public or private.

147.    Defendant denies forming a violent conspiracy whose aim was to unlawfully thwart the results of the 2020 Presidential Election. Defendant did not travel to D.C., the U.S. Capitol, or anywhere else with any intentions of violence. Defendant lacks information sufficient to form a belief as to the intent or state of mind of Defendant Trump, or why he made any statement, public or private.

148.    Defendant admits the allegations in this paragraph.

149.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant denies that the intent of this rally, as Defendant understood it, was to halt the certification of the 2020 Presidential Election.

150.    Defendant admits to traveling to D.C. on January 6, 2021. Defendant denies any understanding that Defendant Trump's promotion of a rally that day was an invitation to Defendant to act violently to stop Congress from certifying the Electoral College vote. Defendant further denies that Defendant Trump's tweets were, in essence, an offer to join a conspiracy to disrupt Congress. Defendant did not travel to D.C., the U.S. Capitol, or anywhere else with any intentions of violence. Defendant further denies that by coming to D.C. on January 6, 2021, Defendant indicated his agreement to an unlawful conspiracy to disrupt Congress and deny office to President Biden and Vice President Harris.

151.    Defendant admits to hearing Defendant Trump give a speech on January 6, 2021. Defendant lacks information sufficient to form a belief as to whether the exact words written in this paragraph were spoken by Defendant Trump. Regardless, Defendant denies that he understood any portion of Defendant Trump's speech, or its entirety, as a threat of violence or intimidation to coerce Congress to disregard the results of the election.  Defendant further denies

that he endorsed and supported Defendant Trump's remarks as part of, and in furtherance of, an unlawful conspiracy to overturn the 2020 Presidential Election results.

152.    Defendant denies the allegations of this paragraph. Defendant did not attack the U.S. Capitol.

153.    The allegations in this paragraph are a statement of the law, to which no response is required. To the extent a response is required, Defendant admits that this paragraph is an accurate statement of the law but denies its applicability to Defendant's conduct.

154.    The allegations in this paragraph are a statement of the law, to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

155.    Defendant denies the allegations of this paragraph. Defendant did not enter into any conspiracy.

156.    Defendant lacks information sufficient to form a belief as to the allegations of this paragraph.

157.    Defendant denies the allegations in this paragraph. Defendant's spraying of Officer Sicknick did not interfere with or hinder the performance of his duties, as evidenced by Officer Sicknick's continued presence at the U.S. Capitol for hours after the incident.

158.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

159.    Defendant denies the allegations in this paragraph. Defendant admits that on August 26, 2022, he pled guilty to Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon (pepper spray), in violation of 18 U.S.C. § 111(a)(1) and (b). Defendant

further admits that Officer Sicknick was one of the officers he admitted to assaulting as a part of his guilty plea. Defendant denies his spraying of Officer Sicknick arose as a result of any conspiracy, caused Officer Sicknick bodily injury, or rendered him unable to perform his duties.

**COUNT 4**
**Negligence Per Se**
**(Violation of D.C. Code §§ 22-1322 – Rioting or Inciting to Riot)**
**(Against all Defendants)**

160.    Defendant incorporates by reference his admissions, denials, and pleas of lack of information sufficient to form a belief to paragraphs 1 – 159 above, inclusive.

161.    The allegations in this paragraph are a statement of the law, to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

162.    The allegations in this paragraph are a statement of the law, to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

163.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

164.    Defendant denies the allegations in this paragraph. Defendant did not go to the U.S. Capitol with any intentions of violence.

165.    The allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks information sufficient to form a belief as to the allegations in this paragraph.

166.    Defendant admits spraying Officer Sicknick in the face with pepper spray as a result of a heightened state of panic Defendant experienced because of the chemical spray

various police officers had discharged in the Defendant's vicinity. Defendant denies the remaining allegations in this paragraph.

167.    Defendant denies the allegations in this paragraph.

168.    Defendant denies the allegations in this paragraph.

**COUNT 5**
**Negligence Per Se**
**(Violation of 18 U.S.C. § 1752(a)(2) and (4))**
**(Against Defendants Khater and Tanios)**

169.    Defendant incorporates by reference his admissions, denials, and pleas of lack of information sufficient to form a belief to paragraphs 1 – 168 above, inclusive.

170.    The allegations in this paragraph are a statement of the law, to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

171.    The allegations in this paragraph are a statement of the law, to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

172.    The allegations in this paragraph are a statement of the law, to which no response is required. To the extent a response is required, Defendant admits the allegations in this paragraph.

173.    Defendant denies the allegations in this paragraph. Defendant did not knowingly, or with intent to impede or disrupt the orderly conduct of government business or official function, engage in disorderly or disruptive conduct within restricted grounds. Defendant further did not knowingly engage in any act of physical violence against any person or property in any restricted building or restricted grounds.

174.    Defendant admits that Officer Sicknick is among the persons intended to be protected by this statute. Defendant denies that his conduct towards Officer Sicknick on the date in question can be characterized as a violation of the statute.

175.    Defendant admits the allegations in this paragraph. Defendant denies breaching any such duty.

## CONCLUSION

The remainder of the Amended Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Amended Complaint become known to the Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff's claims under 18 U.S.C. § 1752(a)(2) and (4) and 42 U.S.C. § 1985(1) fail to state a claim under which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over the Plaintiff's state law tort claims (D.C. Code § 12-101; D.C. Code § 16-2701; D.C. Code §§ 22-1322). Fed. R. Civ. Pro. 12(b)(1).

## **THIRD DEFENSE**

Plaintiff does not meet the requirement of D.C. Code § 16-2701(b) that the plaintiff in a

wrongful death action be the deceased's spouse, domestic partner, or next of kin.

## **FOURTH DEFENSE**

Defendant's actions were not the actual or proximate cause of any harm to Officer

Sicknick.

## **FIFTH DEFENSE**

Plaintiffs are neither eligible for, nor entitled to, any punitive damages in this matter.

## **SIXTH DEFENSE**

Plaintiffs are neither eligible for, nor entitled to, any attorney's fees or costs in this matter.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for the following relief:

1. That the Amended Complaint be dismissed with prejudice;

2. That judgment be entered in favor of Defendant on all claims and against Plaintiff; and

3. For such other and further relief as this Court may deem proper.


Respectfully submitted,



/s/*David P. Sheldon*
David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
100 M Street, S.E., Suite 600
Washington, DC  20003
Tel: 202.546.9575
Fax: 202.546.0135
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I, undersigned, hereby certify that a true and correct copy of the foregoing was filed

electronically with the Court's ECF electronic filing system and delivered electronically to

counsel of record for the Plaintiff, listed below, this 27th day of June 2023:

Mark S. Zaid
mark@markzaid.com

/s/*David P. Sheldon*
David P. Sheldon