# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA GARZA, individually and as<br>the personal representative<br>of THE ESTATE OF BRIAN SICKNICK,<br><br>     *Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP,<br>JULIAN KHATER,<br>and GEORGE TANIOS,<br><br>     *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 1:23-cv-00038 (APM) |

**DEFENDANT JULIAN KHATER'S REPLY TO PLAINTIFF'S OMNIBUS MEMORANDUM OF LAW IN REPLY TO DEFENDANT TRUMP'S AND TANIOS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED <u>COMPLAINT AND DEFENDANT KHATER'S MOTION TO DISMISS TO DISMISS.</u>**

## <u>TABLE OF CONTENTS</u>

**ARGUMENT** ................................................................................................................. **5**

    **1.**    **This Court should grant Defendant Khater's Motion to Dismiss the Amended Complaint.** .................................................................................................................. **5**

        **a. The Amended Complaint does not plead a conspiracy claim sufficient to survive a motion to dismiss.** ................................................................................................. **5**

        **b. Plaintiff's claim under 18 U.S.C. § 1752(a)(2) is not a well-pled vehicle for her negligence claim.** ................................................................................................. **10**

        **c. Plaintiff does not plead facts necessary to sustain an action for wrongful death and negligence per se.** ................................................................................................. **14**

            **i. Plaintiff has not alleged facts which, if true, would support the legal conclusion that Defendant Khater wrongfully caused Officer Sicknick's death.** ....................... **14**

            **ii. Plaintiff has not adequately pled that she suffered damages.** ............................. **17**

        **d. Once the Plaintiff's federal law claims are properly dismissed, this Court should not retain jurisdiction over the Plaintiff's state law claims.** ........................................ **19**

    **CONCLUSION** ........................................................................................................... **21**

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 5

*Beach TV Properties, Inc. v. Solomon*, 306 F. Supp. 3d 70 (D.D.C. 2018) .................................. 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 .......................................................... 5, 6, 7, 10, 14, 18

*Ben-Rafael v. Islamic Republic of Iran,* 540 F.Supp.2d 39 (D.D.C. 2008) ............................ 15, 17

*Doe v. Blinker*, 492 A.2d 857 (D.C. 1985) ................................................................... 18

*Elshazli v. District of Columbia,* 415 F.Supp.3d 20 (D.D.C.2019) ........................................ 20, 21

*Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789 (D.C. Ct. App. 2011) .................................. 11

*Hurd v. District of Columbia*, 864 F.3d 671 (D.C. Cir. 2017) ........................................... 17

*Jianqing Wu v. Special Counsel, Inc.*, 54 F.Supp.3d 48 (D.D.C.2014) ................................. 20, 21

*Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C. Cir. 1994) ........................... 6, 7, 8, 14

*Marusa v. District of Columbia*, 484 F.2d 828 (D.C. Cir. 1973) ........................................... 10, 11

*McCracken v. Walls-Kaufman*, 717 A.2d 346 (D.C. Ct. App. 1998) ........................................ 10, 11

*Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220 (D.C. Cir. 2005) ................................... 9

*Semler v. Psychiatric Institute of Washington, D.C.,* 188 U.S. App. D.C. 41 (D.C. Cir. 1978).... 18

*Smith v. Trump*, 2023 WL 417952 (D.D.C. Jan. 26, 2023) ....................................... 7, 12

*Thompson v. Trump*, 590 F. Supp. 3d 46 (D.D.C. 2022) .................................. 6, 7, 12, 19, 20, 21

*Trudeau v. FTC*, 456 F.3d 178 (D.C. Cir. 2006). .......................................... 5, 7, 10, 14

*United States ex rel. Cimino v. International Business Machines Corporation*, 3 F.4th 412 (D.C.
    Cir. 2021) .......................................................................................... 15, 17

*United States v. Caldwell,* 540 F.Supp.3d 66 (D.C. Cir. 2021) ................................... 12

*United States v. Grider,* 617 F.Supp.3d 42 (D.C. Cir. 2022) ........................................ 12

*United States v. Griffin,* 549 F.Supp.3d 49 (D.C. Cir. 2022) ........................................................ 12

*United States v. Jabr,* 4 F.4th 97 (D.C. Ct. App. 2021) ............................................................... 12

*United States v. McHugh,* 583 F.Supp.3d 1 (D.C. Cir. 2022) ........................................................ 12

*United States v. Puma,* 596 F.Supp.3d 90 (D.C. Cir. 2022) .......................................................... 12

*United States v. Rivera,* 607 F.Supp.3d 1, (D.C. Cir. 2022) ........................................................... 12

*United States v. Robertson,* 610 F.Supp.3d 229 (D.C. Cir. 2022) ................................................. 12

*United States v. Sabol*, 534 F.Supp.3d 58 (D.C. Cir. 2021) ........................................................... 12

*United States v. Whitton,* 534 F.Supp.3d 32 (D.C. Cir. 2021) ....................................................... 12

*Wenner v. C.G. Bretting Mfg. Co., Inc.*, 917 F.Supp. 640 (W.D.Wis.1995) ................................. 20

## Statutes

18 U.S.C. § 1752 ............................................................................................................................. 5

18 U.S.C. § 1752(a)(2) ...................................................................................................... 10, 12, 13, 14

18 U.S.C. § 1752(a)(4) ............................................................................................................ 13, 14, 17

D.C. Code § 12-101 ................................................................................................................... 14, 17

D.C. Code § 16-2701(b) ............................................................................................................. 18, 19

D.C. Code § 16-2702 ........................................................................................................................ 17

D.C. Code § 22-1322 .......................................................................................................... 12, 14, 17

On May 31, 2023, Plaintiff filed a Motion for Leave to File a First Amended Complaint. ECF No. 35. On June 27, 2023, Defendant Khater filed a Motion to Dismiss the Amended Complaint. ECF No. 40. On July 10, 2023, Plaintiff offered an Omnibus Reply, including her Opposition Motion to Defendant Khater's Motion to Dismiss. ECF No. 41. Defendant Khater, by and through undersigned counsel, now submits this Reply to Plaintiff's Opposition to his Motion to Dismiss.

## ARGUMENT

### 1. This Court should grant Defendant Khater's Motion to Dismiss the Amended Complaint.

The Plaintiff's opposition to Defendant Khater's Motion to Dismiss is incorrect as a matter of law. First, the Amended Complaint has not pled a conspiracy claim sufficient to survive a motion to dismiss. Second, 18 U.S.C. § 1752(a)(2) is not intended to be used as a mechanism to bring a civil negligence claim. Even assuming the statute could be used as such a mechanism, the Plaintiff has not adequately pled that Defendant violated the statute. Third, Plaintiff has not pled facts necessary to sustain an action for wrongful death and negligence per se. Finally, if the Plaintiff's federal law claims are properly dismissed, this Court should decline to exercise jurisdiction over Plaintiff's District of Columbia tort law claims.

### a. The Amended Complaint does not plead a conspiracy claim sufficient to survive a motion to dismiss.

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Courts need not accept as true legal conclusions couched as factual allegations. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006). Neither is a court required to accept inferences unsupported by

the facts set out in the complaint. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A plaintiff may not simply make "a formulaic recitation of the elements of a cause of action" in their complaint – specific facts showing that a defendant satisfies these elements must be pled. *Twombly*, 550 U.S. at 555.

"A civil conspiracy is defined as an *agreement* between two or more people to participate in an unlawful act or a lawful act in an unlawful manner." *Thompson v. Trump*, 590 F. Supp. 3d 46, 62 (D.D.C. 2022) (emphasis added). In her Opposition, the Plaintiff asserts that she "has alleged more than enough facts to establish that the agreement to interfere with Congress and obstruct the Capitol police was at least either express or tacit, and that Defendants Trump, Tanios, and Khater each 'came to a mutual understanding to try to accomplish a common and unlawful plan.'" ECF No. 41 at 16, *quoting Thompson*, 590 F. Supp. 3d at 62 (internal citations omitted).

Notwithstanding Plaintiff's conclusory allegations, the factual allegations in the Plaintiff's Amended Complaint fail to establish the necessary elements of a conspiracy. Specifically, the Plaintiff alleges:

> Many of those supporters, including Defendants Khater and Tanios, *understood Defendant Trump's tweet* to be a call to violent action to stop Congress from certifying the Electoral College vote. *Defendant Trump's tweets* were, in essence, an offer to join a conspiracy to disrupt Congress.

> …[The] Defendants, by force, intimidation, or threat *agreed* and conspired with one another and others to undertake a course of action to prevent Congress and Vice President Mike Pence from discharging their duties to count the Electoral College Vote and certify President Biden and Vice President Harris as the winners of the 2020 presidential election. Plaintiff's Amended Compl., ¶¶145, 150 (emphasis added).

However, Plaintiff's contention that there was an agreement between the named Defendants to use violence to overturn the results of the 2020 Presidential Election is a legal conclusion artfully disguised as a factual allegation. *Trudeau*, 456 F.3d at 193. The claim that Defendant Khater "understood Defendant Trump's tweet to be a call to violent action to stop Congress from certifying the Electoral College vote" is an inference unsupported by any facts set out in the Amended Complaint. *MCI Communications Corp*., 16 F.3d at 1276; Plaintiff's Amended Compl., ¶150. Plaintiff has simply offered "a formulaic recitation of the elements of a cause of action" without pleading specific facts demonstrating the existence of an agreement between Defendant Khater and the other named Defendants. *Twombly*, 550 U.S. at 555; *Thompson*, 590 F. Supp. 3d at 62.

To plead a civil conspiracy, a plaintiff "need not show that the members entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished." *Smith v. Trump*, 2023 WL 417952 at *1 (D.D.C. Jan. 26, 2023), *citing Thompson*, 590 F.Supp. 3d. at 97. However, the *Smith* Court did find that the defendants "coordinated among themselves and others". 2023 WL 417952 at *1. Therefore, while no express or formal agreement is required to plead a civil conspiracy, a plaintiff must still show coordination between defendants evidencing that the defendants entered into a conspiracy. *Id.*

Plaintiff has made no such showing of coordination here. Plaintiff has not alleged any direct or indirect communication between Defendant Trump and Defendants Khater or Tanios. The Plaintiff relies on Defendant Trump's tweets to demonstrate coordination between the Defendants. ECF No. 41 at 17. Plaintiff asserts that Defendant Khater "understood Defendant

Trump's tweet to be a call to violent action to stop Congress from certifying the Electoral

College vote." Plaintiff's Amended Compl., ¶150. Yet the Amended Complaint is devoid of facts

to support the "inference" that Defendants Khater or Tanios interpreted Defendant Trump's

tweets as a call to violence. *MCI Communications Corp.*, 16 F.3d at 1276.

Plaintiff has not shown that Defendant Khater liked, replied, shared, retweeted, or

undertook any action to show support for Defendant Trump's tweets. Plaintiff has not shown

facts which would establish that Defendant Khater was aware of Defendant Trump's tweets or

that Defendant Khater understood them as a call to violence. The Amended Complaint fails to

even allege that Defendant Khater possessed a Twitter account. Instead, Plaintiff appears to

speculate that because Defendant Trump is a public figure, his tweets were widely known.

However, asking the Court to make such a logical leap is an "inference" unsupported by the facts

in the Amended Complaint. *MCI Communications Corp.*, 16 F.3d at 1276.

Plaintiff argues in her Opposition that:

> Defendant Khater further argues that "Under Plaintiff's logic,
> every person who listened to Defendant Trump's speech on
> January 6, 2021, would have engaged in a conspiracy with
> Defendant Trump just by virtue of being present after Defendant
> Trump held his political rally" and that the Plaintiff "attempts to
> impute the mindset and intentions of hundreds of nameless rioters
> to Defendant Khater." ECF 40-1 at 14. That is not at all what this
> lawsuit alleges. Defendants Trump, Khater, and Tanios are named
> in this suit based on their individual conduct.

ECF No. 41 at 18, n. 2. On the contrary, the Plaintiff's Amended Complaint frequently

attempts to impute the mindset and intentions of numerous anonymous individuals to Defendant

Khater. As the Amended Complaint makes obvious, the mindset of other individuals is essential

to Plaintiff's argument that Defendants Khater and Tanios "understood Defendant Trump's tweet

to be a call to violent action to stop Congress from certifying the Electoral College vote".

Plaintiff's Amended Compl., ¶150. Without citing the mindset and intentions of others, Plaintiff's contention that Defendant Khater entered into a conspiracy fails.[1]

The Plaintiff's Amended Complaint includes at least eleven different references to anecdotes concerning the mindset of anonymous Internet users who allegedly understood Defendant Trump's tweets to be a call to violence. Plaintiff's Amended Compl. ¶¶ 60-66. Damningly for the Plaintiff, nowhere in the Amended Complaint does Plaintiff allege that any of these accounts were operated by, associated with, or in communication with Defendant Khater.

If the Plaintiff's claim is correct that Defendant Khater is "named in this suit based on [his] individual conduct" then the inclusion of tweets and posts by other Internet users responding to the tweets of Defendant Trump is irrelevant. ECF No. 41 at 18, n. 2. The actions of persons unknown to Defendant Khater and with whom Defendant Khater had no communication cannot support the idea that Defendant Khater himself entered into a conspiracy.[2]

These tweets and posts cannot hide that Plaintiff has not pled sufficient facts showing that Defendant Khater himself entered into an agreement with, or coordinated with, any other person

---

[1] Further underscoring the reliance of Plaintiff's conspiracy claim against Defendant Khater on the actions of other people not mentioned in the Amended Complaint, Plaintiff writes: "Additionally, this Court can, and should, take judicial notice that many Defendants [sic] have been convicted—either by plea or by jury verdict—of participating in a criminal conspiracy to obstruct Congress, other conspiratorial conduct, or criminal conduct related to the January 6, 2021, riot. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)." ECF No. 41 at 11, 12. Plaintiff is correct but does not go far enough. In fact, this Court can, and should, take notice that Defendants Khater and Tanios are not among those who pled guilty to participating in a criminal conspiracy on January 6, 2021. *See also* Defendant Khater's Proffer and Defendant Tanios' Proffer, ECF No. 41.

[2] On August 2, 2023, the Plaintiff filed a Notice of Filing of Relevant Information for Judicial Notice with this Court, "alert[ing] the Court of the filing of an indictment against Defendant Donald J. Trump. The indictment in United States v. Donald J. Trump, Case No. 1:23-cr-00257 alleges, among other things, a criminal conspiracy relating to the subject matter of this case." ECF No. 43. First, this Court should take notice that Defendants Khater and Tanios are not named anywhere in the indictment. Nor is it reasonable to assume, based on the descriptions of the unnamed co-conspirators, that these unnamed co-conspirators are, or might be, Defendants Khater and Tanios. Second, this Court should take notice that the indictment does not allege a violation of either 42 U.S.C. 1985 or 18 U.S.C. 1752(a)(2) or (a)(4). The indictment therefore is of no relevance to the grounds for relief the Plaintiff has advanced in Amended Complaint. Third, this Court should take notice that the indictment does not discuss any harm Officer Sicknick allegedly suffered at the U.S. Capitol or any of the other relevant facts in the Amended Complaint.

to achieve an illegal objective. Tellingly, the Plaintiff has not alleged that Defendants Khater or Tanios were members of a common extremist political organization.

As a result, the Plaintiff's contention that there was an agreement between Defendant Khater and either named Defendant to use violence to overturn the results of the 2020 Presidential Election is a legal conclusion disguised as a factual allegation. *Trudeau*, 456 F.3d at 193.

Because Plaintiff has only offered "a formulaic recitation of the elements of a cause of action" without pleading specific facts demonstrating that Defendant Khater made an agreement with or coordinated with the other Defendants, the Plaintiff's conspiracy claim should be dismissed for failure to state a claim for which relief can be granted. *Twombly*, 550 U.S. at 555; *Thompson*, 590 F. Supp. 3d at 62.

### b. Plaintiff's claim under 18 U.S.C. § 1752(a)(2) is not a well-pled vehicle for her negligence claim.

Plaintiff argues in her Opposition that her interpretation of 18 U.S.C. § 1752(a)(2) is not a "standalone claim for a private right of action" but a "well-pled vehicle for her negligence claim." ECF No. 41 at 19. Plaintiff's contention that 18 U.S.C. § 1752(a)(2) can be used as "vehicle" for her negligence claim is without merit.

Under District of Columbia law, violations of criminal statutes may, in certain instances, create civil liability. *See Marusa v. District of Columbia*, 484 F.2d 828, 834 (D.C. Cir. 1973); *McCracken v. Walls-Kaufman*, 717 A.2d 346, 354 (D.C. Ct. App. 1998); ECF No. 41 at 12, 13, 14, 19. However, for violations of a statute to give rise to a civil cause of action, and constitute negligence per se, the Plaintiff must demonstrate 1) the statute is meant to promote public safety, 2) the plaintiff is a member of the class intended to be protected by the statute, and 3) the defendant is a person upon whom the statute imposes "specific" duties. *Marusa*, 484 F.2d at 834;

*McCracken*, 717 A.2d at 354; ECF No. 41 at 12, 13. The cases cited by the Plaintiff highlight the Plaintiff's failure to meet the last required element.

For example, in *Marusa,* the case concerned a bar owner who had a specific duty under D.C. Code §§25-121, 132 to refrain from overserving patrons. 484 F.2d at 833. Similarly, in *McCracken,* the facts concerned a doctor who had allegedly sexually assaulted his patient, a person towards whom he had a specific fiduciary duty. 717 A.2d at 348.

Therefore, in both cases, the facts involved defendants who had specific professional duties. *Marusa*, 484 F.2d at 834; *McCracken*, 717 A.2d at 354.  These specific duties stand in stark contrast to general duties under D.C. law. *See Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 794 (D.C. Ct. App. 2011) ("In general, therefore, there is only a minimal duty—if any—owed to a party who is at arms' length. Once the defendant enters into a relationship with the plaintiff, however, a corresponding duty of care arises.")

Here, the Plaintiff's claim fails because she fails to allege a specific duty that Defendant Khater owed to Officer Sicknick. *Marusa*, 484 F.2d at 834; *McCracken*, 717 A.2d at 354. The Plaintiff claims: "The duty imposed—to not engage in physical violence under the narrowly stated circumstances—is aimed at proscribing specified conduct by persons within those restricted places." ECF No. 41 at 13. However, this is not a specific duty.

Plaintiff's attempt to find a specific "duty imposed—to not engage in physical violence" by tacking on the phrase "under the narrowly stated circumstances" is unconvincing. ECF No. 41 at 13. The public, generally, has a duty not to engage in physical violence against other people. This is glaringly distinct from the specific professional duties with which *Marusa* and *McCracken* were concerned. 484 F.2d at 833; 717 A.2d at 348; *see also Hedgepeth*, 22 A.3d at 794.

Additionally, case law from this Court strongly suggests the Plaintiff's reading of 18 U.S.C. § 1752(a)(2) is incorrect. First, as Plaintiff states, this Court has expressed "skepticism" that a violation of D.C. Code § 22-1322 can give rise to a negligence claim in tort and has also held that a violation of D.C. Code § 22-1322 cannot sustain a claim of negligence per se. *Thompson*, 590 F. Supp. 3d at 119; *Smith*, 2023 WL 417952 at *9. Similar to D.C. Code § 22-1322, 18 U.S.C. § 1752(a)(2) does not impose or contemplate a specific duty but rather is directed to the public in general. Given this, 18 U.S.C. § 1752(a)(2) also cannot give rise to a negligence claim in tort or sustain a claim of negligence per se.

Second, the Plaintiff fails to cite any instances in which 18 U.S.C. § 1752(a)(2) has imposed a specific duty giving rise to civil liability under D.C. law. Moreover, all cases which defense counsel has been able to locate concerning violations of 18 U.S.C. § 1752(a)(2) and arising out of the events on January 6, 2021, have been brought by the federal government and not private parties seeking to impose civil liability. *See United States v. Jabr,* 4 F.4th 97 (D.C. Ct. App. 2021); *United States v. Rivera,* 607 F.Supp.3d 1, (D.C. Cir. 2022); *United States v. McHugh,* 583 F.Supp.3d 1 (D.C. Cir. 2022); *United States v. Grider,* 617 F.Supp.3d 42 (D.C. Cir. 2022); *United States v. Griffin,* 549 F.Supp.3d 49 (D.C. Cir. 2022); *United States v. Puma,* 596 F.Supp.3d 90 (D.C. Cir. 2022); *United States v. Robertson,* 610 F.Supp.3d 229 (D.C. Cir. 2022); *United States v. Whitton,* 534 F.Supp.3d 32 (D.C. Cir. 2021); *United States v. Sabol*, 534 F.Supp.3d 58 (D.C. Cir. 2021); *United States v. Caldwell,* 540 F.Supp.3d 66 (D.C. Cir. 2021).

In fact, the one case that the Plaintiff cites in support of her theory of civil liability under 18 U.S.C. § 1752(a)(2) is a criminal case. *Puma*, 596 F. Supp. 3d at 90; ECF No. 41 at 13. This

case law further suggests that this Court should determine that 18 U.S.C. § 1752(a)(2) cannot give rise to a negligence claim in tort or sustain a claim of negligence per se.[3]

Yet even if this Court did determine that 18 U.S.C. § 1752(a)(2) can give rise to a negligence claim in tort and can sustain a claim of negligence per se, Plaintiff has not adequately pled facts demonstrating a violation of 18 U.S.C. § 1752(a)(2).

Pursuant to 18 U.S.C. § 1752(a)(2), a crime is committed when any person "knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions."

To support the contention that Defendant Khater violated 18 U.S.C. § 1752(a)(2), Plaintiff cites paragraphs 89-95 of her Amended Complaint. ECF No. 41 at 19. However, nowhere in these paragraphs, or anywhere else in the Amended Complaint, does Plaintiff allege facts which show that Defendant Khater intended to impede or disrupt the orderly conduct of Government business or official functions or did, in fact, impede or disrupt the orderly conduct of Government business or official functions. 18 U.S.C. § 1752(a)(2); Plaintiff's Amended Compl. at ¶¶ 89-95.

The Amended Complaint does detail the efforts of other people who intended to disrupt, and did succeed in disrupting, the certification of the 2020 Presidential Election. Plaintiff's Amended Compl., ¶¶82-88, 95-107, 115-117. Yet again, the Plaintiff attempts to "impute the mindset and intentions" of other people to Defendant Khater. ECF No. 41 at 18, n. 2.

---

[3] Plaintiff also alleges that Defendant Khater's violation of 18 U.S.C. § 1752(a)(4) gives rise to civil liability. ECF No. 41 at 19-21. The failures addressed here and *supra* with Plaintiff's argument regarding 18 U.S.C. § 1752(a)(2) apply with equal force to Plaintiff's argument regarding 18 U.S.C. § 1752(a)(4).

Still, the Plaintiff has not pled facts which show that Defendant Khater himself violated 18 U.S.C. § 1752(a)(2). Once more, Plaintiff is advancing legal conclusions craftily arranged to resemble factual allegations, making inferences unsupported by the facts of her Amended Complaint, and offering a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555; *Trudeau*, 456 F.3d at 193; *MCI Communications Corp.*, 16 F.3d at 1276.

Because 18 U.S.C. § 1752(a)(2) is not a statue for which a violation can give rise to civil liability, and because the Plaintiff has not pled facts showing that Defendant Khater violated 18 U.S.C. § 1752(a)(2), Plaintiff's claim under 18 U.S.C. § 1752(a)(2) is not a well-pled vehicle for her negligence claim and must be dismissed. [4]

> ### c. Plaintiff does not plead facts necessary to sustain an action for wrongful death and negligence per se.
>
> > #### i. Plaintiff has not alleged facts which, if true, would support the legal conclusion that Defendant Khater wrongfully caused Officer Sicknick's death.

In her Amended Complaint, Plaintiff brings a survivor's action against Defendant Khater under D.C. Code § 12-101 for "the Wrongful Death of Officer Brian Sicknick", alleging that Defendant "violated D.C. Code § 22-1322 by actively participating in a riot", and further alleges that Defendant "violated [18 U.S.C. § 1752(a)(4)], by, among other things, participating in a riot at the U.S. Capitol and the assault upon Officer Sicknick." Plaintiff's Amended Compl. ¶¶ 139, 160, 171.

According to the Plaintiff, Officer Sicknick's death is the root of all harms which Plaintiff has suffered and the basis for which she brings any action on her own or on Officer Sicknick's

---

[4] As mentioned *supra*, Plaintiff also alleges that Defendant Khater's violation of 18 U.S.C. § 1752(a)(4) gives rise to civil liability under a theory of negligence per se. ECF No. 41 at 19-21. The inadequacy and impotency of this theory arises from Plaintiff's failure to adequately show causation, and therefore is best addressed in the next section.

behalf. Plaintiff's Amended Compl. ¶¶ 131-137, 139-141, 166-68, 170-175. Yet contrary to the Plaintiff's assertions, Plaintiff has not pled facts which support the legal conclusion that Defendant Khater wrongfully caused Officer Sicknick's death, which Plaintiff is required to allege even at this stage in the proceedings.

While proximate causation is a question of fact for the jury to decide, this rule does not relieve a plaintiff of her obligation to adequately allege proximate causation in her complaint. *United States ex rel. Cimino v. International Business Machines Corporation*, 3 F.4th 412, 421-22 (D.C. Cir. 2021); *Beach TV Properties, Inc. v. Solomon*, 306 F. Supp. 3d 70, 96 (D.D.C. 2018). Well-pleaded facts related to causation must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *International Business Machines Corporation*, 3 F.4th at 421. Causation can only be found so long as there is "some reasonable connection" between a defendant's actions and the damage suffered by the plaintiff. *Ben-Rafael v. Islamic Republic of Iran,* 540 F.Supp.2d 39, 54 (D.D.C. 2008).

Here, the Plaintiff has not properly alleged causation in her Amended Complaint. The facts Plaintiff has offered in support of her legal conclusion that Defendant Khater caused Officer Sicknick's death do not allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *International Business Machines Corporation*, 3 F.4th at 421. There is not a "reasonable connection" between Defendant Khater's actions and the damage suffered by Officer Sicknick. *Ben-Rafael,* 540 F.Supp.2d at 54.

Plaintiff argues in her Opposition that she advances several factual allegations that Defendant Khater caused Officer Sicknick's death. ECF No. 41 at 21, 22. However, all of Plaintiff's claimed factual allegations either do not support her contention that Defendant Khater caused Officer Sicknick's death or are, in fact, legal conclusions.

Plaintiff argues that Defendant Khater sprayed "Officer Sicknick in the face with chemical spray, which incapacitated [him] and left him unable to defend himself from the mob." Plaintiff's Amended Compl., ¶ 128. However, the Amended Complaint does not allege any injuries that Officer Sicknick suffered at the mob's hands after this alleged incapacity. Plaintiff's Amended Compl., ¶ 128. Finally, the Plaintiff's contention that the actions of "Defendants Trump, Khater, and Tanios" led to the injury and death of Officer Sicknick is not a factual allegation, but a legal conclusion. Plaintiff's Amended Compl., ¶¶ 129-131.

Plaintiff also offers the remarks of the District of Columbia's Chief Medical Examiner. This is the one and only factual allegation offered to support Plaintiff's legal conclusion that Defendant Khater caused Officer Sicknick's death.

> According to the District of Columbia's Chief Medical Examiner, Officer Sicknick died of "natural causes"—specifically, a series of strokes. The Medical Examiner further stated that "all that transpired on [January 6] played a role in his condition" that led to his death.

Plaintiff's Amended Compl., ¶109.

Yet there is an unavoidable problem with using the remarks of the Chief Medical Examiner to support Plaintiff's legal conclusion that Defendant Khater caused the death of Officer Sicknick: the Chief Medical Examiner specifically concluded that this was not the case. Plaintiff's Amended Compl., ¶109. "According to the District of Columbia's Chief Medical Examiner, Officer Sicknick *died of 'natural causes'*—specifically, a series of strokes." Plaintiff's Amended Compl., ¶109 (emphasis added). The Chief Medical Examiner did also state that "'all that transpired on [January 6] played a role in his [Officer Sicknick's] condition.'" Plaintiff's Amended Compl., ¶109. However, this statement cannot be read as contradicting the Chief

Medical Examiner's explicit conclusion that Officer Sicknick died of natural causes, as Plaintiff attempts to do. Plaintiff's Amended Compl., ¶109.

This Court is required to accept as true all factual allegations in the Plaintiff's Amended Complaint at this stage of litigation. *Hurd v. District of Columbia*, 864 F.3d 671, 675 (D.C. Cir. 2017). As a result, this Court must accept as true that the Chief Medical Examiner concluded that Officer Sicknick died of natural causes. Plaintiff's Amended Compl., ¶109. Moreover, the plain meaning of the Chief Medical Examiner's statement does not allow this Court "to draw the reasonable inference" that Defendant Khater caused the misconduct alleged by the Plaintiff, and forecloses any possibility of a "reasonable connection" between Defendant Khater's actions and the death of Officer Sicknick. *International Business Machines Corporation*, 3 F.4th at 421; *Ben-Rafael,* 540 F.Supp.2d at 54.  Therefore, this Court must also reject Plaintiff's legal conclusion that Defendant Khater caused Officer Sicknick's death.

Because the Plaintiff has failed to properly allege causation, the Plaintiff's claims against Defendant Khater for wrongful death and negligence per se under D.C. Code § 12-101, D.C. Code § 22-1322, and 18 U.S.C. § 1752(a)(4) should be dismissed.

### ii.  Plaintiff has not adequately pled that she suffered damages.

Defendant Khater has taken notice of Plaintiff's attachment of Exhibit 1,"The Last Will and Testament of Brian Sicknick," to Plaintiff's Omnibus Reply. ECF No. 41. Defendant Khater has further taken notice that Plaintiff is properly named in the will as Officer Sicknick's domestic partner and the lawful executor of Officer Sicknick's estate. ECF No. 41. Defendant Khater thus concurs with Plaintiff that Plaintiff has now adequately pled that she is a proper representative for the purposes of D.C. Code § 16-2701 and D.C. Code § 16-2702.

However, Plaintiff has still not alleged proper injury under D.C. Code § 16-2701(b). D.C.'s wrongful death statute is "designed to provide a remedy whereby close relatives of the deceased who might have expected maintenance or assistance from the deceased had he lived, may recover compensation from the wrongdoer commensurate with the loss sustained." *See Semler v. Psychiatric Institute of Washington, D.C.,* 188 U.S. App. D.C. 41, 43-44, (D.C. Cir. 1978). These economic damages can be better understood as the loss of economic support, including future expected financial support, suffered by the decedent's spouse, domestic partner, or next of kin. This also includes the value of services the decedent would have provided, including loss of care, education, training, guidance, and personal advice. *See Doe v. Blinker*, 492 A.2d 857, 863 (D.C. 1985).

The Plaintiff asserts that she "has suffered financial loss from Officer Sicknick's death in the form of lost financial support" and has "suffered further financial loss from Officer Sicknick's death in the form of the reasonably calculable value of services that Officer Sicknick would have provided to Ms. Garza in the form of care, guidance, personal advice, and other pecuniary benefits". Plaintiff's Amended Compl. ¶¶ 134-135.

But these assertions are not factual allegations. They are instead legal conclusions formulated as facts, which this Court is not required to accept. *Twombly*, 550 U.S. at 555-57. The similarities between the language used by the Plaintiff in her description of her alleged damages, and the language of the *Blinker* Court, along with the Plaintiff's lack of specifics, all suggest that Plaintiff is making a "formulaic recitation of the elements of a cause of action". *Twombly*, 550 U.S. at 555; *Blinker*, 492 A.2d at 863.

Moreover, the Court may take judicial notice that the Plaintiff has publicly admitted to separating from Officer Sicknick six months before his death.[5] This fact, unmentioned in the Amended Complaint, demolishes Plaintiff's contention that she "suffered financial loss from Officer Sicknick's death in the form of lost financial support" and "suffered further financial loss from Officer Sicknick's death in the form of the reasonably calculable value of services that Officer Sicknick would have provided to Ms. Garza in the form of care, guidance, personal advice, and other pecuniary benefits". Plaintiff's Amended Compl. ¶¶ 134-135.

For all these reasons, Plaintiff has still not alleged proper injury under D.C. Code § 16-2701(b). Therefore, the Plaintiff's claim against Defendant Khater for wrongful death should be dismissed.

> **d.  Once the Plaintiff's federal law claims are properly dismissed, this Court should not retain jurisdiction over the Plaintiff's District of Columbia's law claims.**

If this Court dismisses Plaintiff's federal claims, and if the Court decides not to dismiss Plaintiff's remaining claims for failure to show causation and failure to properly plead damages, this Court should still dismiss Plaintiff's claims that are based on violations of D.C. law for a lack of subject-matter jurisdiction.

Plaintiff's contention that the interests of judicial economy are served by keeping a case in federal court when the case has not yet advanced past a defendants' motion to dismiss is unsupported by this Court's case law. *Thompson*, 590 F. Supp. 3d at 90, 119-120; ECF No. 41 at 23.

---

[5] Eric Flack, Stephanie Wilson, and Jordan Fischer, 'I will always love you forever, Brian' | Officer Sicknick's partner recalls family's agonizing goodbye, WUSA9 (Nov. 9, 2021, 7:00 AM), https://www.wusa9.com/article/news/national/capitol-riots/brian-sicknick-sandragarza-girlfriend-final-moments-capitol-riot-january-6-donald-trump/65-6f8cafc4-293e-4f60-a915-1c9798d11863.

The Plaintiff cites *Thompson* as supporting her position that D.C. tort claims should not be dismissed from a federal court. ECF No. 41 at 23. But in *Thompson,* this Court found that the plaintiff had, in fact, properly stated a federal claim against a defendant who sought to then dismiss the plaintiff's D.C. tort claims. 590 F. Supp. 3d at 90, 119-120. On this basis, this Court allowed both the federal law and D.C. claims to proceed. *Id.* Accordingly, the situation in *Thompson* is not analogous to the question now before this Court.

Instead, when federal claims are dismissed before trial, "the decision to exercise supplemental jurisdiction over state law claims is a matter of discretion. However, in all but the rarest instance, the court is to decline to do so." *Wenner v. C.G. Bretting Mfg. Co., Inc.*, 917 F.Supp. 640, 649 (W.D.Wis.1995) (internal citations omitted). D.C. case law is similarly clear. *See Elshazli v. District of Columbia,* 415 F.Supp.3d 20, 28-29 (D.D.C.2019); *see also Jianqing Wu v. Special Counsel, Inc.*, 54 F.Supp.3d 48, 57 (D.D.C.2014).

Plaintiff further asserts that "a substantial part of the conduct giving rise to the claims in this case occurred on U.S. Capitol Grounds, and the facts undergirding Plaintiff's claims are in large part based upon the federal crimes to which Defendants Khater and Tanios have already pled guilty." ECF No. 41 at 23. However, whether certain conduct occurred on federal grounds, or whether or not the claim involves alleged violations of federal law, are not among the factors federal courts consider when determining whether or not to dismiss state law claims after they have already dismissed any federal law claims.

Once a federal court has determined that the plaintiff does not advance a viable federal claim, federal courts then consider "judicial economy, convenience, fairness, and comity" when determining whether to dismiss the remaining state law claims. *Jianqing Wu,* 54 F.Supp.3d at 57. In this case, all factors weigh in favor of dismissal.

This Court should follow its precedent from *Thompson* and other decisions, and, once the Plaintiff's federal claims are dismissed, dismiss her state law tort claims for a lack of subject-matter jurisdiction. 590 F. Supp. 3d at 90, 119-120; *Elishazli*, 415 F.Supp.3d at 28-29. *Jianqing Wu*, 54 F.Supp.3d at 57.

## <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above, this Court should grant Defendant Khater's Motion to Dismiss the First Amended Complaint.

Respectfully submitted,

/s/*David P. Sheldon*
David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
100 M Street, S.E., Suite 600
Washington, DC  20003
Tel: 202.546.9575
Fax: 202.546.0135
*Attorney for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I, undersigned, hereby certify that a true and correct copy of the foregoing was filed

electronically with the Court's ECF electronic filing system and delivered electronically to

counsel of record for the Plaintiff, listed below, this 3rd day of August 2023:

Mark S. Zaid
mark@markzaid.com

<u>/s/*David P. Sheldon*</u>
David P. Sheldon
