# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SANDRA GARZA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00038 (APM) |
| | ) | |
| **DONALD J. TRUMP, et al.,** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF
## <u>DEFENDANT PRESIDENT DONALD TRUMP'S MOTION FOR STAY</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

BACKGROUND ............................................................................................... 2

**ARGUMENT** .................................................................................................... 5

    I.    The Court has Authority to Issue a Stay. ........................................... 5

    II.   A Stay is Warranted to Avoid Interference with the Criminal Proceedings Against President Trump. .............................................................. 6

        a.   The criminal proceedings against President Trump are inextricably related to this action. ..................................................................... 6
        b.   Proceeding with this case would burden the Court. ............................... 9
        c.   The balance of interests weighs in favor of a stay. ............................... 10
        d.   Duration of stay ..................................................................................... 11

CONCLUSION ............................................................................................... 13

CERTIFICATE OF SERVICE ........................................................................ 15

## TABLE OF AUTHORITIES

**Cases**

*Aluminum Bahrain B.S.C. v. Dahleh,*

    2012 WL 5305167 (W.D. Pa. 2012) .............................................................................9

*Blassingame v. Trump,*

    Case No. 22-5069 (D.C. Cir. Dec. 7, 2022)................................................................2

*\*Doe v. Sipper,*

    869 F. Supp. 2d 113, 115 (D.D.C. 2012) ...............................................5, 6, 9, 10, 11

*Estate of Gaither ex rel. Gaither v. District of Columbia,*

    2005 WL 3272130 (D.D.C. Dec. 2, 2005) ...........................................................9, 10

*Grunewald v. United States,*

    353 U.S. 391, 421 (1957) ..........................................................................................8

*Kastigar v. U.S.,*

    406 U.S. 441, 465-66 (1972) (Douglas, J. dissenting) ..............................................8

*Kurd v. Republic of Turkey,*

    2022 WL 17961245 (D.D.C. Dec. 27, 2022) ......................................................5, 6, 9

*Landis v. N. Am. Co.,*

    299 U.S. 248, 254 (1936) ..........................................................................................5

*McSurely v. McClellan,*

    426 F.2d 664, 671 (D.C. Cir. 1970) .......................................................................12

*Ohio v. Reiner,*

    532 U.S. 17, 21 (2001) ...................................................................................8

*Pillsbury Co. v. Conboy,*

    459 U.S. 248, 266 n. 1 (1983) (Marshall, J. concurring) ...........................8

**Sec. & Exch. Comm'n v. Dresser Indus., Inc.,*

    628 F.2d 1368, 1375 (D.C. Cir. 1980) ............................................5, 6, 12

*Thompson v. Trump,*

    590 F. Supp 3d 46, 83 (D.D.C. 2022) ........................................................2

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,*

    7 F. Supp. 2d 523, 528 (D.N.J. 1998) ....................................................6, 9

*Wehling v. Columbia Broad. Sys.,*

    608 F.2d 1084, 1088–89 (5th Cir. 1979) ................................................10

### Other Authorities

*Former President Donald Trump's January 6 speech*, CNN (Feb. 8, 2021, 6:16pm),

    https://www.cnn.com/2021/02/08/politics/trump-january-6-speech-

    transcript/index.html .................................................................................2

STAFF OF S. COMM. ON HOMELAND SEC. & GOV'T AFFS. AND S. COMM. ON RULES AND

    ADMIN., 117TH CONG., REP. ON EXAMINING THE U.S. CAPITOL ATTACK: A REVIEW OF

    THE SECURITY, PLANNING, AND RESPONSE FAILURES ON JANUARY 6, at 77 (2021) .....4

As Plaintiff has admitted, this case involves similar allegations to those made in the criminal indictment against President Trump in Washington, D.C., on August 2, 2023. Due to these similarities and the issues presented by concurrent criminal and civil litigation, this case should be stayed until the conclusion of those criminal proceedings.

Absent a stay, President Trump will be placed in the untenable position of fully litigating this case and risking his criminal defense, or pleading the Fifth Amendment and hampering his chance of success in this case. Such a dilemma should especially be avoided when it involves a former President of the United States and current frontrunner, presidential candidate for the Republican Party in 2024. Never in our Nation's history have we seen the Department of Justice, overseen by a political appointee appointed by the sitting President, target the sitting President's chief political rival with criminal charges. Thus, it is imperative that President Trump be able to defend the criminal case fully, without the burden of defending overlapping civil litigation.

The appearance of justice to the public in the resolution of these cases is crucial, and the appearance of justice requires staying this case. This delay will only minimally burden Plaintiff, as she will eventually have her day in court. Moreover, Plaintiff waited nearly two years to bring these allegations; she should not now be heard to complain of any delay occasioned by DOJ's prosecution when she herself showed little urgency. As for President Trump, however, he only gets one chance to clear his name of these criminal charges and may only present one defense in each of

1

these cases. Accordingly, President Trump respectfully requests that this Court stay this case, at lease insofar as it relates to him, for the duration of the criminal proceedings in *United States v. Donald J. Trump*, Case No. 1:23-cr-00257.

## BACKGROUND

Presidents are expected to take advantage of the bully pulpit. As our nation's chief executives, Presidents routinely comment on election results and petition Congress to act (or refrain from acting) in various ways. Yet, Plaintiff wrongfully alleges that President Trump's January 6, 2021 speech, which expressed his strongly held belief in the insecurity and lack of integrity of the 2020 Presidential election and specifically called for peaceful conduct, amounted to an incitement to violence. Compl. ¶¶ 2-4.

Plaintiff alleges President Trump's statements and lawsuits challenging election results called for "express violence," but she failed to allege any actual words spoken by President Trump to justify that legal conclusion. This is because the actual language of President Trump's speech cannot be squared with that conclusory allegation.[1]

_____

[1] *Read: Former President Donald Trump's January 6 speech*, CNN (Feb. 8, 2021, 6:16pm), https://www.cnn.com/2021/02/08/politics/trump-january-6-speech-transcript/index.html; *Thompson v. Trump*, 590 F. Supp 3d 46, 83 (D.D.C. 2022) (stating that the court has considered President Trump's speech in its entirety, beyond the words stated in the Complaint); *see also* Oral Argument Transcript at 64:5-7, *Blassingame v. Trump*, Case No. 22-5069 (D.C. Cir. Dec. 7, 2022) (Katsas, J.:

Plaintiff incorrectly alleges that President Trump intimidated and threatened state and local election officials by exerting political pressure on them to ensure that their elections were properly carried out and certified. *Id.* at ¶¶ 2, 34, 144. Plaintiff further alleges that President Trump is vicariously responsible for the death of United States Capitol Police Officer Brian Sicknick. Compl. ¶¶ 120-135. Plaintiff alleges that President Trump is responsible for Officer Sicknick's death because he purportedly incited the riot that Plaintiff allege caused Officer Sicknick's death, despite a medical report that concluded that Officer Sicknick passed away due to natural causes. *Id.* at ¶¶ 130, 110.

President Trump moved to dismiss these allegations on April 3, 2023. That motion is currently pending before this Court. Meanwhile, on August 1, 2023, the Government charged President Trump with conspiracy to defraud the United States; conspiracy to obstruct an official proceeding; obstruction of, and attempt to obstruct, an official proceeding; and conspiracy against rights. *See* Dkt. No. 43.1. The alleged conduct in the indictment overlaps substantially with Plaintiff's allegations. Both cases involve overarching theories based on conspiracies to interfere with Congress' certification of the 2020 election.

---

"[Y]ou just print out the speech, which I have done, and read the words on the page, it doesn't look like it would satisfy the [*Brandenburg*] standard, right?"); *id.* at 74:21-25 (Rogers, J.: "You acknowledge I think that the statement, the actual words used by the President, are not what the crowd actually did. In other words, the President didn't say break in, didn't say assault members of Congress, assault Capitol Police, or anything like that.").

At the heart of both cases is the fact that President Trump was and is a vocal proponent of election integrity, as well as public safety and law and order. Indeed, the Senate Homeland Security and Governmental Affairs Committee jointly with the Senate Rules and Administration Committee released a staff report ("HSGA Report") exonerating President Trump of involvement in the January 6 security failures.[2] In pertinent parts, the HSGA Report found that President Trump had delegated the ability to use emergency powers, a lead federal agency had been designated to deal with the security concerns around the January 6 counting of electoral ballots, and President Trump personally asked if the security was ready on January 3.[3] Additionally, President Trump authorized the use of the national guard and encouraged law enforcement to coordinate and prepare accordingly for any eventuality on January 6, 2021.

Overall, President Trump's conduct on and leading up to January 6, 2021, is pertinent to both proceedings. Accordingly, President Trump now moves to stay this civil proceeding so that his right to protect himself in this proceeding does not impinge on his ability to defend himself against these unprecedented criminal charges.

---

[2] STAFF OF S. COMM. ON HOMELAND SEC. & GOV'T AFFS. AND S. COMM. ON RULES AND ADMIN., 117TH CONG., REP. ON EXAMINING THE U.S. CAPITOL ATTACK: A REVIEW OF THE SECURITY, PLANNING, AND RESPONSE FAILURES ON JANUARY 6, at 77 (2021).

[3] *Id.*

## ARGUMENT

### I.   The Court has Authority to Issue a Stay.

"The Court has the discretion to stay civil proceedings in the interest of justice and 'in the light of the particular circumstances of the case.'" *Doe v. Sipper*, 869 F. Supp. 2d 113, 115 (D.D.C. 2012) (quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). This is because "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court may "stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action." *Kurd v. Republic of Turkey*, 2022 WL 17961245, at *1 (D.D.C. Dec. 27, 2022) (quoting *Sec. & Exchange Comm'n*, 628 F.2d at 1375). A court may stay civil litigation while a criminal matter is also pending because "the denial of a stay [in the civil case] could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Id.*

There are four factors a court should consider when determining whether to stay a civil proceeding due to a related criminal proceeding: "1) the relationship between the civil and criminal actions; 2) the burden on the court; 3) the hardships or inequalities the parties would face if a stay was granted; and 4) the duration of the requested stay." *Sipper*, 869 F. Supp. 2d at 116. The Court must weigh the

5

circumstances of each case when making this decision. *Sec. & Exchange Comm'n*, 628 F.2d at 1375.

## II.   A Stay is Warranted to Avoid Interference with the Criminal Proceedings Against President Trump.

Analyzing each factor previously set out by the D.C. Circuit, it is clear that this case must be stayed. Here, the allegations in the civil and criminal actions overlap substantially, which is hardly surprising as they arise from substantially similar events. Forcing President Trump to defend this case while simultaneously defending a criminal prosecution based on related conduct would undoubtedly compromise either his right to defend himself in this case, his criminal defense, or both. Accordingly, President Trump respectfully requests that this Court stay this case, at least insofar as it relates to President Trump, until final resolution of his criminal proceedings.

### a.   The criminal proceedings against President Trump are inextricably related to this action.

This Court has previously held that the relationship of the criminal and civil cases is the most significant factor when considering whether a stay is warranted. *Sipper*, 869 F. Supp. 2d at 116 (citing *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 528 (D.N.J. 1998)). This is especially true when the criminal proceedings are post-indictment. *Id.* When the case is post-indictment, this Court has recently held that this factor "weighs heavily in favor of a stay." *Kurd*, 2022 WL 17961245, at *2.

Here, there is significant overlap between Plaintiff's case and the criminal indictment against President Trump. Indeed, Plaintiff has conceded this point, noting in a previous filing that the indictment against President Trump "relat[es] to the subject matter of this case." Dkt. No. 43. Nor could Plaintiff have denied that; this civil litigation involves substantially similar allegations that the Government is using as the basis for charging President Trump criminally.

In broad strokes, both the criminal indictment and the civil litigation at issue in this case discuss alleged conspiracies to interfere with the Congress' certification of the 2020 election. While the criminal indictment and the civil litigation differ somewhat in their details, they both focus on substantially similar issues. Because of these similarities, requiring President Trump to defend both cases simultaneously would place him in an untenable position. He would have to choose between asserting his Fifth Amendment rights in the civil litigation to focus on the criminal litigation or consider waiving his Fifth Amendment right to avoid an adverse inference that may interfere with his defense in this civil litigation.

The overlap in factual allegations and potential discovery means that, absent a stay, President Trump could be compelled simultaneously to defend similar allegations in two proceedings or potentially impair his criminal defense by exposing in the civil litigation defenses applicable to his criminal case. This is especially problematic since criminal and civil discovery differ drastically, including in what may be compelled from a civil defendant versus a criminal defendant.

7

The Fifth Amendment right is foundational to this nation's dedication to the rule of law. President Trump has been indicted, which at a minimum raises a realistic possibility of criminal prosecution sufficient to justify the application of the Fifth Amendment. *See Pillsbury Co. v. Conboy,* 459 U.S. 248, 266 n. 1 (1983) (Marshall, J. concurring); *see also Kastigar v. U.S.,* 406 U.S. 441, 465-66 (1972) (Douglas, J. dissenting). He may invoke this right upon his reasonable belief that any testimony or documents he would be called upon to provide might tend to incriminate him or furnish a link in the chain to a prosecution against him and would provide testimonial information to the Government. *See Ohio v. Reiner,* 532 U.S. 17, 21 (2001). Interrogatories, requests for production, and depositions, all classic civil litigation discovery tools, would thus implicate President Trump's Fifth Amendment rights.

While President Trump would be entitled to a presumption of innocence during his criminal trial that would include preventing any judge or jury from inferring any negative connotation from his invocation of his Fifth Amendment rights, the same is not true in a civil case. Rather, in a civil case, inferences may be drawn against a defendant who asserts his Fifth Amendment right. Allowing such an inference against President Trump, or any litigant, during an ongoing criminal trial would unfairly require them to choose between their Fifth Amendment protection or the civil litigation. This would directly undermine a key tenant of the Fifth Amendment protection—the privilege offers protection to "*innocent* men … 'who otherwise might be ensnared by ambiguous circumstances.'" *Reiner,* 532 U.S. at 21 (2001) (emphasis in original) (citing *Grunewald v. United States,* 353 U.S. 391, 421 (1957)).

A stay of all proceedings in this case pending the resolution of the criminal charges against President Trump, however, would avoid any need for this Court to consider these dilemmas as they arise. Therefore, this factor "weighs heavily in favor of a stay." *Kurd*, 2022 WL 17961245, at *2.

### b.   Proceeding with this case would burden the Court.

Proceeding with this case, at this time, would present this Court with significant burdens. The Court has an interest in resolving individual cases efficiently. A stay prevents the Court from needing to hear various disputes. *See Sipper*, 869 F. Supp. 2d at 117 (holding that "the Court has an interest in avoiding unnecessary litigation that would burden its docket and hamper judicial economy.") (citations omitted). Proceeding with this case now would result in various privilege battles. President Trump would assert his Fifth Amendment rights to block any discovery from Plaintiff, burdening the Court with a "constant stream of privilege issues." *Walsh Sec., Inc.*, 7 F. Supp. 2d at 528. But this would be only a temporary state of affairs that a stay would prevent. *See Aluminum Bahrain B.S.C. v. Dahleh*, 2012 WL 5305167, at *2 (W.D. Pa. 2012) (recognizing that criminal defendants will be able to candidly participate in the discovery process following the criminal trial). Further, absent a stay there would be various discovery disputes regarding witnesses, protective orders, and other privileges, which "might well prove wholly duplicative and unnecessary." *Estate of Gaither ex rel. Gaither v. District of Columbia*, 2005 WL 3272130, at *6 (D.D.C. Dec. 2, 2005).

Alternatively, the criminal proceeding could streamline discovery in this case. The cases involve similar issues; thus, any discovery in the criminal case will likely reduce the need for a large amount of discovery in this case. *See Estate of Gaither ex rel. Gaither*, 2005 WL 3272130, at *4. Therefore, "judicial economy and the convenience of the court" weighs in favor of a stay. *Id.*

### c. The balance of interests weighs in favor of a stay.

While there are many factors to consider when weighing the parties' interests, perhaps the most significant factor is how a defendant's constitutional right under the Fifth Amendment will impact the civil proceedings. *Sipper*, 869 F. Supp. 2d at 117-18. This is because it is "not fair to force party to choose between Fifth Amendment privilege and the civil action." *Id.* at 117 (citing *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1088–89 (5th Cir. 1979)). In *Sipper,* this concern outweighed the plaintiff's interest in a quick resolution. *Id.*

Likewise, in any discovery in this case, President Trump will now need to assert his Fifth Amendment right so as not to harm his defense in the criminal proceeding against him. This will allow the jury to draw a negative inference against him, harming his chance of success in this litigation. Such a dilemma is not appropriate and is one that this Court should avoid.

Further, any concern that Plaintiff may have in a quick resolution of this case is strongly undermined by Plaintiff's own lack of urgency in bringing this case. Plaintiff waited nearly two years to file suit, despite others bringing similar claims much earlier. *See Estate of Gaither ex rel. Gaither*, 2005 WL 3272130, at *4.

Additionally, a stay will benefit Plaintiff. As discussed, the criminal proceeding may establish many factual issues at stake in this civil proceeding, alleviating either Defendant's or Plaintiff's requirement to do so, and ultimately conserving resources. Essentially, as noted above, the criminal proceeding will streamline discovery in this case. Thus, Plaintiff will only be minimally burdened by a stay; however, the potential consequences to President Trump, if this case is not stayed, would be substantial. Therefore, the burden weighs in favor of a stay.

Lastly, the Court may consider the public interest in a stay. *Sipper*, 869 F. Supp. 2d at 118. It is in the public interest for the Court to stay this case, so that President Trump may pursue his rights in the criminal proceeding diligently without considering the issues presented in this civil litigation. President Trump is a former President and current frontrunner candidate for the Republican Party nomination for President in 2024. The implications of the indictment on President Trump are tremendous. The appearance of justice is often as important as justice itself. As discussed above, if President Trump is hampered by the civil litigation issues presented in this case, or worse, forced to choose between presenting his strongest defense in one case or the other, the appearance of justice could easily be damaged. Accordingly, it is in the public interest to allow President Trump to defend the criminal proceeding against him without the burden of this case.

### d.    Duration of stay

This case must be stayed for the duration of President Trump's criminal proceedings in the indictment in *United States v. Donald J. Trump*, Case No. 1:23-cr-

00257.[4] As this Court has found, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Sec. & Exchange Comm'n*, 628 F.2d at 1375-76. The D.C. Circuit has recognized that when there is a pressing need, an indefinite stay may be warranted. *McSurely v. McClellan*, 426 F.2d 664, 671 (D.C. Cir. 1970).

Here, the Government has brought four charges against President Trump including conspiracy to defraud the United States; conspiracy to obstruct an official proceeding; obstruction of, and attempt to obstruct, an official proceeding; and conspiracy against rights. These serious charges carry a maximum penalty of 55 years in prison. Further, as discussed above, the criminal proceedings have an overarching impact on the public. President Trump is currently the lead candidate for President of the United States for the Republican Party, and the top political rival to President Joe Biden. The appearance of fair proceedings in President Trump's criminal proceedings is imperative to the health of this Nation. Never in our history have we seen a current administration target its top political rival with a criminal indictment. It is imperative that this criminal proceeding proceed without the

--------

[4] The Government is currently seeking a trial start date of January 2, 2024. At the very least, this case should be stayed through the Government's requested trial date. Defending this civil litigation, while also preparing for an expected criminal trial, especially one where the Government has requested a trial within a couple of months, would cause great prejudice to President Trump and only minimally burden Plaintiff.

12

burdens of this case due to the similarities of the allegations. Thus, given the seriousness of the charges, as well as the extraordinary impact on our Nation as a whole, there is a pressing need to stay this case as to President Trump for the duration of the criminal proceedings against him so that he may diligently pursue his rights.

## CONCLUSION

There is significant overlap between this civil proceeding and the criminal indictment brought against President Trump. It is in the best interests of the parties and the public that this case be stayed pending the resolution of the criminal charges against President Trump. Accordingly, President Trump respectfully requests this Court stay this proceeding as it relates to him until the conclusion of his criminal case in Washington, D.C.

Dated: August 14, 2023                    Respectfully submitted,

                                          /s/ Jesse R. Binnall
                                          Jesse R. Binnall, VA022
                                          THE BINNALL LAW GROUP, PLLC
                                          717 King Street, Suite 200
                                          Alexandria, Virginia 22314
                                          Tel: (703) 888-1943
                                          Fax: (703) 888-1930
                                          jesse@binnall.com

                                          David A. Warrington
                                          D.C. Bar No. 1616846
                                          Jonathan M. Shaw
                                          D.C. Bar No. 446249
                                          Gary M. Lawkowski
                                          D.C. Bar No. 1781747
                                          DHILLON LAW GROUP, INC.

2121 Eisenhower Ave, Suite 402
Alexandria, Virginia 22314
Tel: (703) 574-1206
Fax: (415) 520-6593
dwarrington@dhillonlaw.com
jshaw@dhllonlaw.com
glawkowski@dhillonlaw.com

*Attorneys for President Donald J.
Trump*

## CERTIFICATE OF SERVICE

I certify that on August 14, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jesse R. Binnall
Jesse R. Binnall, VA022

*Attorney for President Donald J. Trump*

15