UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA GARZA, as the personal representative of THE ESTATE OF BRIAN SICKNICK,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>*Defendants*. | Case No. 1:23-cv-00038 (APM) |

**PLAINTIFF'S OPPOSITION TO
MOTION TO STAY BY DEFENDANT DONALD J. TRUMP**

COMES NOW the Plaintiff Sandra Garza, as the personal representative of the Estate of Brian Sicknick, by and through undersigned counsel, to file this Opposition to Defendant Donald Trump's Motion for a Stay (ECF 45-1; "Trump Mot.").

Plaintiff's suit alleges, among other claims, that Defendant Trump and others conspired to use force, intimidation, and threats in undertaking a course of action to prevent Congress and Vice President Mike Pence from discharging their duties to count the Electoral College vote on January 6, 2021, and that Officer Brian Sicknick died as a result of this conspiracy. On August 1, 2023, Defendant Trump was criminally indicted on four counts relating to his dangerous efforts to stay in power—criminal charges which share in the broad subject matter of Plaintiff's case against him. *United States v. Donald J. Trump*, Case No. 1:23-cr-00257 (a copy of the indictment was filed as ECF 43-1). Now Defendant Trump seeks to stay these civil proceedings until that criminal case is resolved. Trump Mot. at 1. Notably, Defendant Trump previously requested a delay in his criminal case so that it would not go to trial any earlier than

*April 2026*, approximately 32 months from now.  See "Response in Opposition to Government's Proposed Trial Calendar," Case No. 1:23-cr-00257 (ECF 30, August 17, 2023).  That request has been denied, with U.S. District Court Judge Tanya S. Chutkan setting Defendant Trump's criminal trial in case 1:23-cr-00257 for March 4, 2024. *Id.* (Minute Entry for proceedings held August 28, 2023).

For the reasons expressed below, this Court should reject Defendant Trump's attempt at delay and order that this case proceed without a stay subject to a more nuanced consideration at a later date as the merits of this case unfold.

## ARGUMENT

### I. THIS COURT HAS WIDE DISCRETION TO DENY DEFENDANT TRUMP'S REQUEST TO STAY THIS ACTION

The granting of a stay is not automatic, nor is this a novel issue to assess.  Courts have routinely demonstrated that there is ample room for the sound discretion of the court to weigh multiple factors.  *Doe v. Sipper*, 869 F. Supp. 2d 113 (D.D.C. 2012).  Courts considering a stay generally evaluate "1) the relationship between the civil and criminal actions; 2) the burden on the court; 3) the hardships or inequalities the parties would face if a stay was granted; and 4) the duration of the requested stay." *Id.*, at 116.  *Sipper* makes clear these are only a "rough guide," with the weight of these and possible additional factors left up to the discretion of the court. *Id.*; *see also Horn v. D.C.*, 210 F.R.D. 13 (D.D.C. 2002) (noting decision is within "sound discretion" of court, with no "general rule" and listing other factors to consider).

Notably, "the mere relationship between criminal and civil proceedings, and the resulting prospect that discovery in the civil case could prejudice the criminal proceedings, does not establish the requisite good cause for a stay." *Horn, supra*, 210 F.R.D. 13, 15, quoting *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997).  Indeed, overlap is

2

but one of several factors for the Court to consider, including whether the duration of the requested stay is "immoderate or unreasonable." *Id.*; *see also U.S. ex rel. Westrick*, 2007 WL 1020808 at *4 (D.D.C. Mar. 31, 2007) ("While allowing civil discovery to proceed may afford the government the opportunity to gain evidence that it may not be entitled to under the more restrictive criminal discovery rules … if and when discovery becomes necessary, protective orders and other remedial measures may be taken.") (internal citation omitted). Some courts, for example, have required that the public interest in pending civil and criminal litigation be considered, as well as the efficiency of the court itself. *U.S. ex rel. Westrick v. Second Chance*, 2007 WL 1020808 at *2 (D.D.C. Mar. 31, 2007), quoting *Barry Farm Resident Council, Inc. v. U.S. Dept. of Navy*, 1997 WL 118412, at *1 (D.D.C. Feb. 18, 1997). And the plaintiff's interest in an expeditious trial/resolution must also be given weight. *Id.*, at *2.

Here, Defendant Trump's premature request to push his criminal trial well into 2026, and therefore delay this civil matter until then, is about as "immoderate" as it gets. District Court Judge Tanya Chutkan has already rejected that proposal, setting the trial for March, 2024. So too should this Court weigh the interests of the Defendant against the interests of the Plaintiff, the Court, and the public at large. Based on application of those factors, the Court should respectfully exercise its discretion to reject Defendant Trump's Motion in the interests of justice.

## II.  DEFENDANT TRUMP'S MOTION TO STAY IS PREMATURE AND UNNECESSARY AT THE CURRENT STAGE OF LITIGATION

As explained above, the need to simultaneously defend against civil and criminal proceedings is not automatic grounds for postponing civil litigation. As a practical matter, there is no pressing need for Defendant Trump's Motion given this case's current early posture. The Parties in this action have recently concluded their briefings on the Plaintiff's original Complaint (ECF 1); the Defendants' Motions to Dismiss (ECF 24, 31); and Plaintiff's Motion for Leave to

Amend her complaint (ECF 35). All of these Motions remain pending, and none requires taking discovery. In fact, the Court has not yet scheduled any general discovery.

Nor should this Court adopt the all-or-nothing stay Defendant Trump seeks in this case "insofar as it relates to him." Trump Mot. at 2. Where appropriate, Courts may fashion discovery appropriately through a variety of protective orders, and resolve Fifth Amendment issues as they arise. *Gordon v. Fed. Deposit Ins. Corp.*, 427 F.2d 578, 580 (D.C. Cir. 1970); *see also Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971) ("Where related civil and criminal litigations are pending at the same time, sound discretion of the court may require that the civil action not be blocked entirely but be subject to some limitation, including, e.g., protective orders pertinent to discovery, to avoid essential unfairness or other interference with the public interest").

No event has yet occurred or even been calendared that might endanger Defendant Trump's Constitutional rights. The indictment certainly has not curtailed his continuing efforts to publicly discuss his January 6th indictment, or any of his other criminal cases.[1] And it should not be lost that Defendant Trump is also a *plaintiff* in lawsuit in federal court in Florida—a case

---

[1] Ella Lee and Brett Samuels, *Trump directs rage at DC judge handling his Jan. 6 case*, THE HILL (August 7, 2023), https://thehill.com/regulation/court-battles/4142407-trump-directs-rage-dc-judge-chutkan/; Kate Sullivan and Kaitlan Collins, *Trump reacts to Georgia indictment for first time on camera: 'I have four of them now'*, CNN (August 18, 2023), https://www.cnn.com/2023/08/17/politics/trump-georgia-indictment-press-conference/index.html; Andres Wiseman, *Donald Trump Reacts To Georgia Indictment: Rails Against "Witch Hunt" & "Racist And Corrupt" Fulton County DA*, Deadline (August 15, 2023), https://deadline.com/2023/08/donald-trump-georgia-indictment-witch-hunt-racist-fulton-county-1235519662/; Antonio Pequeño IV, *Trump Reacts to Indictment: Says Jan. 6 Charges 'Reminiscent' Of Nazi Persecution,* Forbes (August 1, 2023), https://www.forbes.com/sites/antoniopequenoiv/2023/08/01/trump-reacts-to-indictment-says-jan-6-charges-reminiscent-of-nazi-persecution/?sh=21114650467e

he presently is attempting to *revive* in order to start discovery.[2]  Therefore, Defendant Trump's Motion to stay is premature and unnecessary. Should circumstances change, particularly once discovery begins, the Court certainly can revisit Defendant Trump's concerns.

### III. DEFENDANT TRUMP'S FIFTH AMENDMENT RIGHTS ARE NOT CURRENTLY INFRINGED

Additionally, Defendant Trump's claim of infringement against his Fifth Amendment rights is premature and speculative.  As the court noted in *Westrick*, *supra*, merely asserting the privilege against self-incrimination is insufficient grounds to issue a stay. 2007 WL 1020808 at *3 (D.D.C. Mar. 31, 2007), quoting *United States v. Lot 5*, 23 F.3d 359, 364 (11th Cir.1994). Actual Fifth Amendment issues have yet to arise in this litigation, and if they do this Court can very easily take steps during discovery to more than adequately protect Defendant Trump's rights through protective orders that obviate the more drastic measure of staying proceedings entirely.  *Id.*, at 4; *see also Gordon v. Fed. Deposit Ins. Corp.*, 427 F.2d 578, 580 (D.C. Cir. 1970) ("fact that the civil case is not stayed does not mean that discovery must proceed in the same way as ordinary civil litigation"). This is particularly poignant given the significant third-party discovery Plaintiff is likely to conduct.

Defendant Trump is also free to invoke his Fifth Amendment rights in any future proceedings if he so decides.  But until then, a stay would unduly interfere with the Plaintiff's interest in speedy resolution of this matter, the Court's interest in the efficient running of its calendar, and the public's interest in the impartial, swift administration of justice.  Defendant Trump's potential Fifth Amendment privilege therefore also does not mandate that the Court grant Defendant Trump's Motion at this stage.

---

[2] That case is styled *Trump v. Clinton et al.,* 22:cv-14012-DMM (SD Fla.).

### IV. THE INTERESTS OF THE PARTIES AND THE COURT WEIGH AGAINST A STAY

Justice comes in both criminal and civil form, and this parallel system is typically unobjectionable unless the movant requesting a stay can actually demonstrate prejudice.

Weighed against Defendant Trump's speculative claim of prejudice at this time, the prejudice to the Plaintiff would be noticeable. Splintering the case by staying it as to Defendant Trump but not his co-defendants would cause the Plaintiff to withhold taking the depositions of those defendants until the vacatur of the stay, which would impede her right to proceed expeditiously. *See generally Digital Equip. Corp. v. Currie Enterprises*, 142 F.R.D. 8, fn. 8 (D. Mass. 1991).

Finally, the Court should respectfully consider the interests of the public at large. The public interest is one of special, if not unique significance. If the Defendant intends to campaign for the Presidency, as his Motion and all other publicly available evidence suggests (Trump Mot. at 1), the swift administration of justice and the resolution of Plaintiff's claims are of particular importance that cannot be overstated. The burden to the Defendant in proceeding with this case is minimal, while the interests of the Plaintiff, the Court, and the public all overwhelmingly support denying his motion.

## **CONCLUSION**

For the foregoing reasons, this Court should respectfully deny the Defendant's Motion to Stay.

August 28, 2023                                                                 Respectfully submitted,

*s/Mark S. Zaid*

_____
Mark S. Zaid, Esq. (D.C. Bar #440532)
Bradley P. Moss, Esq. (D.C. Bar #975905)
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 498-0011
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com
*Attorneys for Plaintiff*

 *s/Matthew Kaiser*

_____
KAISERDILLON PLLC
Matthew Kaiser (D.C. Bar No. 486272)
Noah Brozinsky (D.C. Bar No. 1655789)
1099 Fourteenth Street, N.W., 8th Fl.
Washington, D.C. 20005
Tel: (202) 640-2850
Email: mkaiser@kaiserdillon.com
           nbrozinsky@kaiserdillon.com

*s/Philip Andonian*

_____
CALEBANDONIAN PLLC
Philip Andonian (D.C. Bar No. 490792)
Joseph Caleb (D.C. Bar No. 495383)
1100 H Street, N.W. – Ste. 315
Washington, D.C. 20005
Tel: (202) 953-9850
Email:  phil@calebandonian.com
            joe@calebandonian.com

*Attorneys for Plaintiff*

7

## CERTIFICATE OF SERVICE

    I certify that on August 28, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

                                                 */s/ Noah Brozinsky*
                                                 Noah Brozinsky

                                               *Attorney for Plaintiff*