UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SANDRA GARZA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**DONALD J. TRUMP, et al.,**<br><br>*Defendants.* | ) | Case No. 1:23-cv-00038 (APM) |

**DEFENDANT PRESIDENT DONALD J. TRUMP'S REPLY IN SUPPORT OF HIS MOTION FOR STAY**

Plaintiff admits (as she must) that her case is similar to the criminal case filed against President Trump. *See* Response in Opp'n, Dkt. No. 46, at 1. Indeed, Plaintiff's entire argument against the requested stay appears to be not that President Trump's criminal case is not sufficient to merit a stay based on the applicable factors but rather that in some way the usual factors should not apply to this case or that it is premature to consider them. Neither of these arguments is compelling.

**ARGUMENT**

**I. President Trump's request is not premature.**

Plaintiff argues that there is no need for this motion at this stage since the case has not yet proceeded into discovery. Dkt. No. 46 at 3-4. While this is true, Plaintiff also admits that the case is pending a fully briefed motion to dismiss. *Id.* This undermines Plaintiff's argument because the case will proceed into discovery if the motion to dismiss is denied (subject, of course, to President Trump's right to an

interlocutory appeal of his absolute immunity defense). Rather than waiting until that motion is decided, President Trump has expeditiously moved for this stay. This is to ensure proper notice and opportunity for full briefing by both parties and to allow this Court adequate time to consider the issues before discovery is necessary, which is potentially imminent since the motion to dismiss could be decided at any time.

Plaintiff also alleges that President Trump's "premature request to push his criminal trial well into 2026" somehow impacts this case. Dkt. No. 46 at 3. This is misleading at best since Plaintiff admits—in the very next sentence of her brief, no less—that the District of Columbia District Court set President Trump's trial date on March 4, 2024, approximately six months from now. *Id.* The requested delay *in this case* is the only consideration, not the request made in another case, which was denied. When President Trump made his motion, he could not know when the trial would be set. But as a date has now been set, this Court may set a stay of a specific duration and revisit it when it expires. A delay until that case concludes would not be an immoderate or unreasonable delay for this case, and it is misleading for Plaintiff to suggest the April 2026 date should be considered.

Further, Plaintiff suggests this Court should commence discovery and let the issue of President Trump's Fifth Amendment rights arise when it arises. Dkt. No. 46 at 5. If this were the path forward, then the Court would be forced to halt discovery repeatedly at that time to consider this issue. This is not in the interests of justice or a fair consideration of the issue, particularly when President Trump's constitutional rights hang in the balance. Instead, it is prudent, responsible, and reasonable for this

Court to consider this issue now, when it may be properly briefed, argued, and decided.

## II. The factors weigh in favor of a stay.

Plaintiff recites but does not actually appear to directly challenge at least two of the four factors that a court should consider when determining if a stay is appropriate. Dkt. No. 46 at 2. The four factors a court should consider when determining whether to stay a civil proceeding due to a related criminal proceeding are: "1) the relationship between the civil and criminal actions; 2) the burden on the court; 3) the hardships or inequalities the parties would face if a stay was granted; and 4) the duration of the requested stay." *Doe v. Sipper*, 869 F. Supp. 2d 113, 116 (D.D.C. 2012).

First, Plaintiff concedes that the cases are related. Plaintiff is correct that "the mere relationship between criminal and civil proceedings, and the resulting prospect that discovery in the civil case could prejudice the criminal proceedings, does not establish the requisite good cause for a stay." Dkt. No. 46 at 2 (citing *Horn v. D.C.*, 210 F.R.D. 13, 15 (D.D.C. 2002) (quoting *United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997)). But that does not get her far. "A close relationship between the two actions ... is often viewed as the most significant factor in the balancing test." *Sipper*, 869 F. Supp. 2d at 116 (citing *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,* 7 F.Supp.2d 523, 527 (D.N.J.1998)). Indeed, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or

administrative action involving the same matter." *United States, ex rel. Westrick v. Second Chance, et al.*, Civ. A No. 04-280, 2007 WL 1020808, at *3 (D.D.C. Mar. 31, 2007) (quoting *Sec. and Exchange Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375-76 (D.C. Cir. 1980)). Moreover, as detailed in President Trump's opening brief, and in contrast to *Horn*, President Trump presented serious arguments on all four factors. In *Horn*, the movant requesting the stay failed to present an argument on multiple factors, including whether the requested stay was due to a related case. This is not the case here.

Plaintiff makes no argument that the stay would increase the burden on this Court. Indeed, it is considerably simpler for this Court to consider this issue now rather than in the midst of discovery when it will require the delicate balancing of deadlines and President Trump's constitutional rights. Plaintiff suggests the Court consider these issues later and engage in a piecemeal approach to solving discovery issues that arise with protective orders and other remedial actions. Dkt. No. 46 at 4. This would necessarily *increase* the burden on this Court rather than decrease it. In fact, allowing the criminal case process to conclude before this case proceeds will likely decrease the burden on this Court and the parties in discovery.

Plaintiff only presents argument as to the length of the *requested* delay and the hardship and inequalities the parties would face. As noted above, the requested delay in this case is not immoderate or unreasonable. As to the relative hardship, Plaintiff fails to present any serious argument that her potential harm would be comparable to President Trump's potential harm. Indeed, Plaintiff only twice

presents any actual argument as to how the stay would harm her. First, Plaintiff generally alleges that a stay would interfere with her interest in a speedy resolution of this matter. Dkt. No. 46 at. 5. Second, Plaintiff argues that a stay would splinter the case and cause Plaintiff to withhold taking the deposition of some defendants until the stay was lifted, which would impede her right to proceed expeditiously. Dkt. No. 46 at 6.

Quite simply, these surface-level arguments are unpersuasive and pale in comparison to President Trump's potential harm, including deprivation of his constitutional right under the Fifth Amendment. This is especially true here, where Plaintiff seems to admit that this case was brought for an improper purpose—to prove that President Trump was responsible for the events of January 6 rather than was responsible for any injuries alleged to Officer Sicknick. Dkt. No. 46 at 6. Plaintiff asserts that *the public* has an interest in the resolution of this case, a case that would only grant a remedy to a single person. Specifically, Plaintiff claims:

> If the Defendant intends to campaign for the Presidency, as his Motion and all other publicly available evidence suggests (Trump Mot. at 1), the swift administration of justice and the resolution of Plaintiff's claims are of particular importance that cannot be overstated.

*Id.* Plaintiff clearly implies that her case is *not* about whether Officer Brian Sicknick was injured by President Trump but instead admits that her case is an attempt to search for information about President Trump's involvement in the events surrounding January 6, 2023, and to inform the public about President Trump's political campaign. Such a statement snaps the necessity of the requested stay into sharp focus, as it demonstrates how the Plaintiff intends to use civil discovery as a

tool to search for information about President Trump that may assist the Department of Justice's prosecution of President Trump or harm President Trump's political campaign. This is exactly why the stay is necessary.

## III. Plaintiff's remaining arguments are unpersuasive.

Plaintiff also insists that President Trump's involvement in another case as a plaintiff should prevent this Court from granting this motion. Dkt. No. 46 at 5. As an initial matter, President Trump was a plaintiff in that case long before the criminal indictment in the DDC. But most importantly, this case is factually distinct and does not cover any of the same issues as that case, meaning there is no relation between that case and the criminal case. This court should disregard Plaintiff's blatant attempt to compare apples and oranges.

Finally, as this Court is likely aware, President Trump is not a party to discovery in another ongoing case of a similar nature due to a pending appeal based on his assertion of absolute immunity. *Smith et al. v. Trump et al.,* No. 1:21-cv-02265-APM, Dkt. No. 180 (granting stay of discovery as to President Trump pending resolution of his ongoing appeal of the absolute immunity issue). If the motion to dismiss is denied, any discovery as to President Trump would likely also be stayed on the same basis when President Trump appeals that issue. As a result, the stay that President Trump requests is unlikely to harm plaintiff as a practical matter.

## CONCLUSION

Because of the above-stated reasons and the reasons provided in his memorandum in support of this motion, President Trump respectfully requests this Court stay this proceeding as it relates to him until the conclusion of his criminal case in Washington, D.C.

Dated: September 5, 2023

Respectfully submitted,

*/s/ Jesse R. Binnall*

Jesse R. Binnall, VA022
THE BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com

David A. Warrington
D.C. Bar No. 1616846
Jonathan M. Shaw
D.C. Bar No. 446249
Gary M. Lawkowski
D.C. Bar No. 1781747
DHILLON LAW GROUP, INC.
2121 Eisenhower Ave, Suite 402
Alexandria, Virginia 22314
Tel: (703) 574-1206
Fax: (415) 520-6593
dwarrington@dhillonlaw.com
jshaw@dhllonlaw.com
glawkowski@dhillonlaw.com

*Attorneys for President Donald J. Trump*

**CERTIFICATE OF SERVICE**

I certify that on September 5, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jesse R. Binnall*
Jesse R. Binnall, VA022

*Attorney for President Donald J. Trump*