UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SANDRA GARZA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 23-cv-0038 (APM) |
| DONALD J. TRUMP et. al., ) | |
| Defendants. ) | |

**ORDER**

Before the court is Plaintiff Sandra Garza's First Motion for Leave to File First Amended Complaint, ECF No. 35 [hereinafter Pl.'s Mot.]. The proposed Amended Complaint adds additional factual allegations, eliminates two claims contained in the initial Complaint, and introduces two new claims that are rooted in the same underlying allegations. Pl.'s Mot at 3. Defendants Trump and Tanios oppose Plaintiff's motion. *See* Def. Tanios' Stmt. of P & A in Opp'n. to Pl.'s Mot., ECF No. 37-1 [hereinafter Tanios Opp'n]; Def. Trump's Opp'n. in Resp. to Pl.'s Mot., ECF No. 39 [hereinafter Trump Opp'n]. Also pending are two motions to dismiss filed before Plaintiff sought leave to amend—the first by Defendant Donald J. Trump on April 3, 2023, Def. Trump's Mot. to Dismiss, ECF No. 24, and the second by Defendant George P. Tanios on May 10, 2023, Def. Tanios' Mot. to Dismiss, ECF No. 33.

The court begins and ends with Plaintiff's motion to amend. Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave when justice so requires." *See* FED. R. CIV. P. 15(a)(2).[1] The Supreme Court has said that this "mandate is to be heeded." *Foman v.*

---

[1] The court agrees with Defendants that Plaintiff cannot amend her complaint as a matter of right under Rule 15(a)(1)(B). Trump Opp'n at 2; Tanios Opp'n at 10; *see also* FED. R. CIV. P. 15 ("A party may amend its pleading

*Davis,* 371 U.S. 178, 182 (1962). An amendment may be denied, however, for "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment." *Id.*; *see also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Tanios argues that the court should deny Plaintiff leave to amend her complaint because: (1) her motion does not comply with Local Civil Rule 7(a); (2) counsel did not satisfy the meet-and-confer requirement contained in Local Civil Rule 7(m); and (3) any proposed amendments are futile. Tanios Opp'n at 8–16. The court is unpersuaded on all three points.

First, Tanios's assertion that Plaintiff's motion runs afoul of Local Civil Rule 7(a) because it "neither contains a statement of specific points of law and authority, nor a concise statement of facts[,]" misreads the local rule. *Id.* at 8–9. Plaintiff's motion appropriately cites to Rule 15 of the Federal Rules of Civil Procedure, which is a "specific point[] of law and authority [to] support the motion," and a fact statement is not required in a motion to amend a pleading so long as the proposed amendments are attached to the motion for leave. *See* Pl.'s Mot. at 1; LCvR 7(a) (requiring motions to include "*where appropriate* a concise statement of facts") (emphasis added); LCvR 7(i) ("A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended . . .")

Second, Tanios argues that Plaintiff's counsel did not satisfy the meet-and-confer requirement under Local Civil Rule 7(m). Tanios Opp'n at 9. Counsel for Plaintiff emailed defense counsel regarding their intent to file an amended complaint but failed to provide a copy of

---

once as a matter of course no later than … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). While Plaintiff filed her motion for leave within 21 days of Defendant Tanios's Rule 12(b)(6) motion, Plaintiff's time to amend as a matter of course expired 21 days after Defendant Trump filed his motion to dismiss. *See* FED. R. CIV. P. 15 advisory committee's note to 2009 amendment ("The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period.").

the proposed amendment. *Id.* That was a mistake. But such a misstep does not preclude the court from resolving Plaintiff's motion for leave on its merits. *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 27 (D.D.C. 2001) (excusing a party's failure to meet and confer based on "the general judicial preference for resolving motions on their merits rather than dismissing them on technicalities").

Finally, Tanios contends Plaintiff's proposed amendments are futile because they "still fail[] to sufficiently plead legally cognizable claims." Tanios Opp'n at 10. This argument is better raised in a motion to dismiss than in opposing a motion to amend. *See Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999) (requiring a showing of prejudice "[w]here an amendment would do no more than clarify legal theories or make technical corrections"). Moreover, the cases Tanios cites are inapposite, as they involve motions to amend that courts denied either because of undue delay or because the new claims would drastically broaden the scope of the litigation. *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) ("The court strikes the plaintiff's amendment filed eight months after the date specified in the scheduling order because of undue delay."); *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 114 (D.D.C. 2012) (denying leave to amend where proposed amendments added five new claims that would "transform th[e] case" and "the resulting action would bear only a tangential connection to the original case"). Here, Plaintiff filed for leave to amend before any dispositive motions were resolved, and the proposed amendments, including the two newly added claims, do not alter the scope of the litigation. *See generally* Pl.'s Mot.

For his part, former President Trump contends that "no further litigation, including [Plaintiff's present motion], is appropriate" until the D.C. Circuit resolves his assertion of immunity from suit. Trump Opp'n at 3. The court disagrees. The filing of an amended pleading

3

poses no prejudice to former President Trump, as he can reassert his claim of absolute immunity and other defenses in a renewed motion to dismiss. Any decision on absolute immunity by the D.C. Circuit, of course, will bind this court.

    The court therefore grants Plaintiff's First Motion for Leave to File First Amended Complaint. *See* Pl.'s Mot. The Amended Complaint, ECF No. 35-3, shall serve as the operative pleading. Defendants Trump's and Tanios's motions to dismiss, ECF Nos. 24, 33, are denied as moot.

Dated: October 18, 2023

                                            Amit P. Mehta
                                        United States District Court Judge