UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SANDRA GARZA** | * | |
|     **Plaintiff** | * | |
| v. | * | **Case No.: 1:23-cv-00038-APM** |
| **DONALD J. TRUMP, et al.,** | * | |
|     **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT TANIOS' STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………3

INTRODUCTION……………………………………………………………………………....5

STATEMENT OF MATERIAL FACTS…………………………………………………….….5

ARGUMENT…………………………………………………………………………………...8

    A. Legal Standard……………………………………………………………………...8

    B. The Amended Wrongful Death Claim still fails to plead sufficient facts to state a legally cognizable claim……………………………………………………………9

    C. The New Count 2 for a Survivor's Action fails to state a legally cognizable claim….10

    D. The Amended Conspiracy to Violate Civil Rights claim still fails to plead sufficient facts to state a legally cognizable claim……………………………………………10

    E. The Amended Negligence Per Se Claim(s) fails to plead sufficient facts to state a legally cognizable claim…………………………………………………………...11

    F. All counts as pleaded in the First Amended Complaint are barred by the Professional Rescuer Doctrine…………………………………………………………………….12

CONCLUSION……………………………………………………………………….......14

## **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*, ……………………………………………………………………………......9
550 U.S. 544, 549 (2007)

*Bell Atlantic Corp. v. Twombly*, …………………………………………………………………..8
550 U.S. 544, 549 (2007)

*Flowers v. Sting Security, Inc.*, ………………………………………………………………..13
62 Md. App. 116 (1985)

*Gillespie v. Washington*, ……………………………………………………………………...13
395 A.2d 18 (D.C. 1978).

*Smith v. Trump*, ……………………………………………………………………….........11
2023 WL 417952 (U.S.D.C. Dist. of Columbia)

*Young v. Sherwin-Williams Co.*, …………………………………………………………13
569 A.2d 1173 (D.C. 1990)

**STATUTES**

D.C. Code §12-101 ……………………………………………………………………...8, 10

D.C. Code 16-2701(b) ……………………………………………………………………......9

D.C. Code 16-2701(c) ……………………………………………………………………......9

D.C. Code § 22-1322………………………………………………………………………8, 11

D.C. Code § 27-101………………………………………………………………………….8

D.C. Code § 32-701(3) ……………………………………………………………………….9

18 U.S.C. §1752(a)(2) and (4) ……………………………………………………………..8, 12

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ……………………………………………………..5, 8

**OTHER**

STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, §14-03 (Rev. 2002)..…………………………………………………………………………..10

Defendant, George Pierre Tanios, by his undersigned counsel, submits this Statement of Points and Authorities In Support of his Motion to Dismiss First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for reasons states:

## INTRODUCTION

This case arises out of the events that transpired at the United States Capitol on January 6, 2021, following a rally headlined by former President Donald Trump. In this case the Personal Representative of the Estate of Brian Sicknick, Sandra Garza, is seeking to recover damages under the Wrongful Death Act despite her admission that his death on January 7, 2021, was officially attributed to natural causes. Plaintiff pleaded in the Complaint alternative theories of recovery, without alleging that any of the wrongful conduct by Defendant Tanios caused any financial harm to Mr. Sicknick or his beneficiaries. Defendant Tanios filed a Motion to Dismiss pursuant to Federal Rule 12(b)(6) because none of the alleged theories of recovery stated a claim against him upon which relief could be granted. On May 31, 2023 the Plaintiff filed a Motion for Leave to File First Amended Complaint which included a proposed Amended Complaint that attempted to correct the pleading defects identified within Defendant Tanios' Motion to Dismiss.[1] Defendant Tanios filed a Response In Opposition to Plaintiff's Motion For Leave To File First Amended Complaint because none of the proposed amendments will withstand a renewed Motion to Dismiss. On October 18, 2023 the Motion was allowed and the First Amended Complaint filed. Defendant Tanios hereby renews his original Motion to Dismiss and addresses new claims pleaded by Plaintiff.

## STATEMENT OF MATERIAL FACTS

Like the original, the First Amended Complaint alleges sparse facts pertaining to or

---

[1] Plaintiff also dismissed Count 4 for Assault against Defendant Tanios because no amendment could rescue this claim.

4

concerning the claims against Defendant Tanios.  In addition to removing the improper reference to "Bear Spray" and substituting it with "chemical spray," the First Amended Complaint pleaded these new facts against Defendant Tanios:

**8.    Plaintiff Sandra Garza is the personal representative for the Estate of Brian Sicknick. She is named in his last will and testament as his domestic partner and as executer of the will.  On March 25th, 2021, she was duly qualified as the Executor for the Estate of Brian Sicknick in the Circuit Court for Fairfax County, Virginia**. (*Page 3[2]*)

\*\*\*

**133.    The Defendants are liable to the Plaintiff, who is the duly qualified Executor of the personal estate of Brian Sicknick, for their acts which caused Sicknick's death.** (*Page 39*)

**134.    The Plaintiff has suffered financial loss from Officer Sicknick's death in the form of lost financial support that Officer Sicknick furnished or could have been expected to provide in the future, had he lived.**  (*Page 39*)

**135.    The Plaintiff has suffered further financial loss from Officer Sicknick's death in the form of reasonably calculable value of services that Officer Sicknick would have provided to Ms. Garza in the form of care, guidance, personal advice, and other pecuniary benefits that she and the Estate might reasonably have expected to derive from Officer Sicknick had he lived.**  (*Page 39*)

\*\*\*

**139.    As more fully described in this Compliant, the Defendants actions directly and negligently caused the Wrongful Death of Officer Brian Sicknick.**  (*Page 40*)

**140.    Pursuant to the Survival Act, D.C. Code §12-101, Officer Brian Sicknick's right of action for wrongful and negligent conduct against the Defendants survives in favor of the Plaintiff.** (*Page 40*)

**141.    As a result of Officer Sicknick's death, Plaintiff has been deprived of his care, love attention companionship, and comfort which he would have provided had he not died as a result of the Defendants' wrongful conduct.**  (*Page 40*)

**142.    Plaintiff is entitled to compensatory damages as the surviving party.**

\*\*\*

**155.    In addition to interfering with Congress' and the Vice President's official duties, the Defendants' conspiracy directly interfered with Officer Sicknick's official duties as a Capitol Police Officer**.  (*Page 43)*

---

[2] Page number references herein pertain to the Redlined version of the First Amended Complaint.

5

**156.** **Pursuant to 2 U.S.C. §1961 *et seq.*, U.S. Capitol Police Officer Brian Sicknick had a lawful duty to police and protect the Capitol and its grounds on January 6, 2021.** (*Page 44*)

**157.** **As set forth in this Complaint, the Defendants interfered with Officer Sicknick's duties when they assaulted him and other law enforcement officers guarding the Capitol's Lower West Terrace.** (*Page 44*)

**158.** **As set forth in this Complaint, Defendant Tanios, in conspiracy with the other defendants, has admitted to engaging in disorderly and disruptive conduct that interfered with Officer Sicknick in his capacity as a Capitol Police Officer.[3]** (*Page 44*)

\*\*\*

**175**. **Federal law 18 U.S.C. §1752(a)(2) makes it a crime to knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official function, engage in disorderly or disruptive conduct within restricted grounds; and subsection (4) makes it a crime to knowingly engage in any act of physical violence against any person or property in any restricted building or restricted grounds.** (*Page 47*)

**176.** **The United States Capitol and its Lower West Terrace were restricted buildings or grounds on January 6, 2021, as they were buildings where a person protected by the Secret Service was temporarily visiting and were restricted in conjunction with an event designated as a special event of national significance – the counting of Electoral College votes pursuant to 18 U.S.C. §1752(c)(1)(B) and (C).** (*Page 47*)

**177.** **18 U.S.C. §1752(a)(2) and (4) is, on its face, a criminal statute designed to protect public safety.** (*Page 47*)

**178.** **Defendants Khater and Tanios violated this statute, by, among other things, participating in a riot at the U.S. Capitol and the assault upon Officer Sicknick as more fully described in this Complaint, during the certification of Electoral College votes while Vice President Mike Pence was visiting the Capitol.** (*Page 47*)

**179.** **Officer Brian Sicknick is a member of the class of persons to be protected by this statute.** (*Page 48*)

**180.** **Defendants Khater and Tanios are persons upon whom the statute imposes the specific duty to refrain from disorderly conduct or acts of violence while entering into a restricted building or grounds.** (*Page 48*)

---

[3] This allegation is demonstrably false. At no point has this Defendant admitted to any conduct involving Officer Sicknick. Notwithstanding, for the purpose of this paper the Court must assume the truth of the allegation.

6

**ARGUMENT**

On or about October 18, 2023 the Plaintiff filed a five Count First Amended Complaint individually and as the personal representative of the Estate of Brian Sicknick. In it the Plaintiff alleges the following claims for relief:

Count 1 – Wrongful Death, D.C. Code §27-101 (against all Defendants);

Count 2 – Survivor's Action, DC Code §12-101 (against all Defendants);

Count 3 – Conspiracy to Violate Civil Rights (interference with official duties) 42 U.S.C. §1985(1)(Against all Defendants)

Count 4 – Negligence *Per Se* (Violation of D.C. Code §22-1322 – Rioting or inciting Riot)(Against all Defendants); and

Count 5 – Negligence *Per Se* (Violation of 18 U.S.C. §1752(a)(2) and (4) – Rioting or inciting Riot)(Against Defendants Khater and Tanios).

Plaintiff prays for compensatory damages of not less than $10,000.00, an unspecified amount of punitive damages, and for attorneys' fees and the cost of the investigation and prosecution of this suit. For the reasons set forth herein, Defendant George Pierre Tanios has filed a Motion to Dismiss each of the five counts alleged against him pursuant to Rule 12(b)(6) for failing to state a claim against him upon which relief can be granted.

**A.    Legal Standard applicable to a Rule 12(b)(6) Motion.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." To state a claim upon which relief may be granted, Plaintiff is charged with pleading her Complaint so that it plausibly lays out a legally recognized case against Defendants. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 549 (2007). While she need not include "detailed factual allegations," she must do more than state an unadorned "the-defendant-unlawfully-harmed-me" accusation. *Ashcroft v. Iqbal*, 556

7

U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

    **B.**    **The Amended Wrongful Death Claim still fails to plead sufficient facts to state a legally cognizable claim.**

In this Defendant's Motion to Dismiss it was argued that a wrongful death claim under D.C. Code §16-2701(b) seeks to compensate the spouse, domestic partner, or next of kin of a decedent for their financial loss resulting from the death. It is clear from the proposed amendments that the Plaintiff does not allege that she was Officer Sicknick's spouse or next of kin. She also has not pleaded that Officer Sicknick was survived by a spouse or next of kin. Instead, she vaguely alleges that she was identified in Officer Sicknick's Will as his "domestic partner." However, the Wrongful Death Act makes it clear that this is not sufficient. Specifically, D.C. Code §16-2701(c) provides that "[f]or the purposes of this section, the term 'domestic partner' shall have the same meaning as provided in §32-701(3)." Under D.C. Code § 32-701(3) parties must be registered as domestic partners with the District of Columbia in order to qualify as such within the meaning of the Wrongful Death Act. In this case, the Plaintiff does not, and cannot,[4] allege that she and Officer Sicknick were registered as domestic partners under D.C. Code at the time of his death.

Additionally, the Plaintiff has not pleaded any facts demonstrating that, even if she was registered as a domestic partner, she was receiving some financial support from the Plaintiff or was receiving services from him that had a pecuniary value, such that his death has resulted in a

---

[4] It is widely known that the Plaintiff has stated in interviews that she was the former girlfriend of Officer Sicknick and that they had broken up months before January 6, 2021. This explains why the Plaintiff has not more clearly pleaded her exact relationship with the decedent at the time of his death in the Complaint.

8

financial loss to her.[5] Instead, the Plaintiff baldly states that she has suffered such financial loss as a result of his death. This will not meet the federal pleading standards and the proposed amendment would be futile. The above-referenced newly pleaded facts demonstrate that the Plaintiff remains unable to state legally cognizable claims against this Defendant for Wrongful Death.

    **C.**    **The New Count 2 for a Survivor's Action fails to state a legally cognizable claim.**

The First Amended Complaint has pleaded a new Count 2 as a Survivor's Action under D.C. Code §12-101. A Survivor's action in the District of Columbia seeks the recovery of the decedent's estate's financial losses and the decedent's non-economic damages suffered between the time of his injury and his death. See STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, §14-03 (Rev. 2002). Instead, Plaintiff simply alleges "[a]s a result of Officer Sicknick's death, Plaintiff has been deprived of his care, love, attention, companionship, and comfort which he would have provided had he not died…." (Doc. 35-2 at Para. 141) Plaintiff does not plead any facts demonstrating the decedent's injuries before his death or the financial loss to his estate caused by his death. Instead, Plaintiff is seeking compensatory damages for her losses, not the losses suffered by the decedent. Thus, this newly pleaded count must be dismissed for failing to state a legally cognizable claim.

    **D.**    **The Amended Conspiracy to Violate Civil Rights claim still fails to plead sufficient facts to state a legally cognizable claim.**

In his Motion to Dismiss this Defendant argued that Count 2 of the Complaint should be dismissed because Plaintiff failed to plead that there existed a conspiracy to interfere with the performance of Officer Sicknick's official duties. Instead, the Plaintiff alleged that there was a

---

[5] As Officer Sicknick's ex-girlfriend, it is doubtful that she can truthfully plead that she was receiving financial support or services from him prior to his death.

conspiracy involving the official duties of Congress and the Vice President in certifying the Electoral College vote. The proposed amended facts do not correct this defect. Plaintiff simply proposes to clarify what Officer Sicknick's duties and responsibilities were on January 6, 2021. Importantly, Plaintiff does not allege that anyone conspired to prevent him from holding his employment as a Capitol Police Officer, to interfere with the performance of his duties, or to force him to leave a place where the performance of his duties was required. The First Amended Complaint does not plead that this Defendant conspired to prevent Officer Sicknick from policing and protecting the Capitol on January 6, 2021. The above-referenced newly pleaded facts fail to correct the original pleading deficiencies or state legally cognizable claims against this Defendant.

**E.    The Amended Negligence Per Se Claim(s) fail to plead sufficient facts to state a legally cognizable claim.**

In his Motion to Dismiss, this Defendant argued that Count 4 for Negligence *Per Se* predicated on an alleged violation of the District's anti-riot statute (D.C. Code § 22-1322) fails to state a claim upon which relief can be granted. Defendant emphasized that this Court has already conclusively determined that such a negligence *per se* count fails to state a claim under District of Columbia law because the referenced criminal statute is not the type of criminal statute that District of Columbia law would recognize to support a negligence *per se* theory. Defendant Tanios' Memorandum of Points & Authorities at 22 (citing *Smith v. Trump*, 2023 WL 417952 (U.S.D.C. Dist. of Columbia)(court agrees "that this claim fails because none of the statutes Plaintiff cites [including § 22-1322] are the type of criminal statute that District of Columbia would recognize to support a negligence *per se* theory")).

Despite making no effort to address this Court's determination in *Smith* as to Count 4, Plaintiff has pleaded a new, additional count, Count 5 for negligence *per se* based upon a violation of a different statute: 18 U.S.C. §1752(a)(2) and (4). According to Plaintiff, "Federal Law 18

U.S.C. §1752(a)(2) makes it a crime to knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official function, engage in disorderly or disruptive conduct within restricted grounds; and subsection (4) makes it a crime to knowingly engage in any act of physical violence against any person or property in any restricted building or restricted grounds." *See* Redlined Amended Complaint, ¶ 175.

Plaintiff again ignores this Court's determination in *Smith* regarding criminal statutes with similar language to those now relied upon in the new Count 5. In *Smith,* this Court also addressed D.C. Code § 10-503.16(b)(6), which bars individuals from "willfully and knowingly ... engag[ing] in any act of physical violence upon the United States Capitol Grounds or within any of the Capitol Buildings." and 40 U.S.C. § 5104(e)(2)(F) which makes it unlawful for individuals to "willfully and knowingly . . . engage in an act of physical violence in the Grounds or any of the Capitol Buildings." This Court concluded that "None of these statutes imposes 'specific guidelines to govern behavior.' Rather, they are generally drawn statutes applicable to all and prohibit certain behaviors. They therefore cannot sustain a claim of negligence *per se*." For the same reasons, Plaintiff's newly added Count 5 seeking liability for negligence *per se* predicated upon a violation of 18 U.S.C. §1752(a)(2) and (4) fails to state a claim upon which relief can be granted and must be dismissed as a matter of law.

F.   **All counts as pleaded in the First Amended Complaint are barred by the Professional Rescuer Doctrine and must be dismissed.**

Even if this Court were to find that the Plaintiff's First Amended Complaint properly pleaded 5 Counts against Defendant Tanios, the counts would all be barred by the Professional Rescuer Doctrine. The Professional Rescuer Doctrine, otherwise known as the "Fireman's Rule," generally precludes recovery in tort for those whose business it is to save lives and prevent injury to persons and property. It states that those engaged in rescue work as part of their employment

11

may not, as a matter of law, recover for injuries sustained by them on the job, from those whose negligence was the proximate cause of the injuries. *Gillespie v. Washington*, 395 A.2d 18, 20 (D.C. 1978).

Under the professional rescuer doctrine, the professional rescuer is held to have assumed the risks attending his work. "Those dangers which are inherent in professional rescue activity, and therefore foreseeable, are willingly submitted to by the professional rescuer when he accepts the position and the remuneration inextricably connected therewith." *Id.; see also Young v. Sherwin-Williams Co.*, 569 A.2d 1173 (D.C. 1990) ("The rationale underlying the rule is that professional rescuers, such as police or firefighters, have assumed the risks inherent in the profession for which they are compensated by the public"); *Flowers v. Sting Security, Inc.*, 62 Md. App. 116, 123 n.1 (1985) ("Although called 'the fireman's rule,' the rule is without exception applied to policemen as fully as it is to firemen. The rule is applied to bar certain tort causes of action by firemen and policemen injured during the course of their hazardous occupations.") (Emphasis added). The First Amended Complaint now alleges that Officer Sicknick was responsible for policing and protecting the Capitol Building and grounds on January 6, 2021. All the claims pleaded in the First Amended Complaint involve injuries that were allegedly suffered by Officer Sicknick in the performance of his professional activities while policing and protecting the Capitol Building and grounds as a Capitol Police Officer. Thus, all Counts are barred by the professional rescuer doctrine as a matter of law and must be dismissed.

## CONCLUSION

For the reasons set forth above, the Plaintiff's First Amended Complaint should be dismissed.

                                             Respectfully submitted,

James R. Andersen (Bar ID: MD0186)
Roderick R. Barnes (Bar ID: MD0158)
Adam T. Sampson (Bar ID: MD0188)
Rollins, Smalkin, Richards & Mackie, L.L.C.
300 E. Lombard Street, Suite 900
Baltimore, MD 21202
Ph: (410) 727-2443
Fx: (410) 727-8390
jandersen@rsrm.com
rbarnes@rsrm.com
asampson@rsrm.com
*Attorneys for Defendant George Pierre Tanios*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of November 2023, the foregoing document was filed through the CM/ECF System, and the notification of such electronic filing will be sent to all counsel of record in this case.

_____
Roderick R. Barnes (Bar ID: MD0158)