## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**SANDRA GARZA**                          *

        **Plaintiff**                  *

**v.**                                        *    **Case No.: 1:23-CV-00038**

**DONALD J. TRUMP, et al.,**              *

        **Defendants**                 *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## DEFENDANT GEORGE PIERRE TANIOS'S
## ANSWER TO AMENDED COMPLAINT

Defendant George Pierre Tanios, through James R. Andersen, Adam T. Sampson, and Rollins Smalkin Richards & Mackie, LLC, hereby answers the Amended Complaint against him as follows:

Defendant denies, generally and specifically, any and all allegations in the Amended Complaint not specifically admitted below. Defendant further states that he lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to any other defendants or the actions of third parties and therefore denies the same. Defendant further states that its investigation of the present matter is ongoing. Accordingly, Defendant reserves the right to amend this Answer. In response to the numbered paragraphs in the Amended Complaint, Defendant states:

    1.    Defendant denies the allegations in paragraph 1.

    2.    Defendant denies the allegations in paragraph 2 that pertain to this Defendant's conduct. Defendant lacks knowledge or sufficient information to form a belief about the remaining allegations in this paragraph and therefore denies these allegations.

    3.    The allegations in paragraph 3 are not directed at this Defendant, and so no response

is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

4.      The allegations in paragraph 4 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

5.      The allegations in paragraph 5 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

6.      The allegations in paragraph 6 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

7.      Defendant denies the allegations in paragraph 7.

## PARTIES

8.      Defendant admits that Plaintiff Sandra Garza is the personal representative for the Estate of Brian Sicknick. Defendant denies that Plaintiff Sandra Garza was Brian Sicknick's domestic partner at the time of Sicknick's death. Defendant lacks knowledge or sufficient information to form a belief as to the remaining allegations in paragraph 8 and therefore denies these allegations.

9.      Defendant admits that Defendant Donald J. Trump was the 45th President of the

United States. Defendant lacks knowledge or sufficient information to form a belief as to the remaining allegations in paragraph 9 and therefore denies these allegations.

10.    Defendant denies the allegations in paragraph 10.

11.    The allegations in this paragraph are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 11 and therefore denies these allegations.

12.    Defendant admits that he lives in Morgantown, West Virginia, and lacks sufficient information to admit or deny the remaining allegations in paragraph 12 and therefore denies these allegations.

13.    Defendant admits this his proffer states: "On January 5, 2021, the defendant, preparing for his trip to Washington D.C., purchased two cannisters of Frontiersman brand bear spray, and two additional cannisters of pepper spray. The defendant was in contact by cellular phone with his co-defendant, Julian Khater, prior to this purchase. The defendant provided one of the pepper spray cannisters to Julian Khater prior to arriving in Washington D.C." To the extent any additional response is required, Defendant denies the remaining allegations.

14.    Defendant denies the allegations in paragraph 14 that pertain to this Defendant's conduct. Defendant lacks knowledge or sufficient information to form a belief about the remaining allegations in this paragraph and therefore denies these allegations.

15.    Defendant admits that on July 20, 2022 he pled guilty to Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. Section 1752(a)(1) and (b)(2) and that in his factual proffer he admitted to travelling to Washington D.C. with Julian Khater and that he provided one cannister of pepper spray to Julian Khater prior to arriving in Washington D.C.

Defendant denies the remaining allegations of this paragraph as they pertain to him. Defendant lacks knowledge or sufficient information to form a belief about the truth or falsity of the remaining allegations in this paragraph that pertain to others and therefore denies same.

## JURISDICTION AND VENUE

16.     Paragraph 16 does not contain allegations of fact but rather conclusions of law regarding subject-matter jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant admits that this Court has jurisdiction over claims brought under 28 U.S.C. §§ 1331, 1367 and 42 U.S.C. § 1985. However, Defendant denies that Plaintiff has properly brought any such claims.

17.     Paragraph 17 does not contain allegations of fact but rather conclusions of law regarding personal jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant admits that this Court has personal jurisdiction over persons in the District of Columbia, pursuant to Fed. R. Civ. P. 4(k)(1)(A) and D.C. Code § 13- 423.

18.     Paragraph 18 does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed required, Defendant admits that venue lies in this judicial district for a proper claim under 42 U.S.C. § 1985. However, Defendant denies that Plaintiff has made any such claim.

## FACTUAL ALLEGATIONS

19.     The allegations in paragraph 19 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

20.     The allegations in paragraph 20 are not directed at this Defendant, and so no

response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

21.     The allegations in paragraph 21 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

22.     The allegations in paragraph 22 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

23.     The allegations in paragraph 23 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

24.     The allegations in paragraph 24 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

25.     The allegations in paragraph 25 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

26.     The allegations in paragraph 26 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

27.     The allegations in paragraph 27 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

28.     The allegations in paragraph 28 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations

29.     The allegations in paragraph 29 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

30.     The allegations in paragraph 30 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

31.     The allegations in paragraph 31 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies

these allegations.

32.     The allegations in paragraph 32 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

33.     The allegations in paragraph 33 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

34.     The allegations in paragraph 34 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

35.     The allegations in paragraph 35 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

36.     The allegations in paragraph 36 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

37.     The allegations in paragraph 37 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge

or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

38.     The allegations in paragraph 38 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

39.     The allegations in paragraph 39 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

40.     The allegations in paragraph 40 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

41.     The allegations in paragraph 41 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

42.     The allegations in paragraph 42 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

43.     The allegations in paragraph 43 are not directed at this Defendant, and so no

response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

44.     The allegations in paragraph 44 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

45.     The allegations in paragraph 45 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

46.     The allegations in paragraph 46 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

47.     The allegations in paragraph 47 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

48.     The allegations in paragraph 48 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

49.     The allegations in paragraph 49 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

50.     The allegations in paragraph 50 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

51.     The allegations in paragraph 51 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

52.     The allegations in paragraph 52 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

53.     The allegations in paragraph 53 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

54.     The allegations in paragraph 54 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies

these allegations.

55.     The allegations in paragraph 55 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

56.     The allegations in paragraph 56 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

57.     The allegations in paragraph 57 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

58.     The allegations in paragraph 58 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

59.     The allegations in paragraph 59 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

60.     The allegations in paragraph 60 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge

or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

61.     The allegations in paragraph 61 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

62.     The allegations in paragraph 62 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

63.     The allegations in paragraph 63 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

64.     The allegations in paragraph 64 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

65.     The allegations in paragraph 65 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

66.     The allegations in paragraph 66 are not directed at this Defendant, and so no

response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

67.     The allegations in paragraph 67 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

68.     The allegations in paragraph 68 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

69.     Defendant admits to being in Washington, D.C., on the morning of January 6, 2021. Defendant further admits that his purpose in traveling to D.C. was, as this paragraph states, to exercise his First Amendment rights by attending "a political rally". Defendant denies the remaining allegations in paragraph 69.

70.     The allegations in paragraph 70 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

71.     The allegations in paragraph 71 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

72.     The allegations in paragraph 72 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

73.     The allegations in paragraph 73 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

74.     The allegations in paragraph 74 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

75.     The allegations in paragraph 75 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

76.     The allegations in paragraph 76 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

77.     The allegations in paragraph 77 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies

these allegations.

78.     The allegations in paragraph 78 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

79.     The allegations in paragraph 79 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

80.     The allegations in paragraph 80 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

81.     The allegations in paragraph 81 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

82.     Defendant denies that Defendant Trump's speech signified a "clear call to action". Defendant further denies that his actions were indicative of any kind of response to this non-existent call to action. Defendant lacks knowledge or sufficient information to form a belief as to the remaining allegations in paragraph 82 and therefore denies these allegations.

83.     The allegations in paragraph 83 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge

or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

84.     The allegations in paragraph 84 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

85.     The allegations in paragraph 85 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

86.     The allegations in paragraph 86 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

87.     The allegations in paragraph 87 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

88.     The allegations in paragraph 88 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

89.     Defendant admits that his proffer contains a statement substantially similar to the

allegation in paragraph 89. To the extent any further response is required, Defendant denies the remaining allegations in paragraph 89 as phrased.

90.    Defendant admits that his proffer contains a statement substantially similar to the allegation in paragraph 90. To the extent any further response is required, Defendant denies the remaining allegations in paragraph 90 as phrased.

91.    Defendant admits that his proffer contains a statement substantially similar to the allegation in paragraph 91. To the extent any further response is required, Defendant denies the remaining allegations in paragraph 91 as phrased.

92.    The allegations in paragraph 92 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

93.    Defendant denies the allegations in paragraph 93 that pertain to this Defendant's conduct. Defendant lacks knowledge or sufficient information to form a belief about the remaining allegations in this paragraph and therefore denies these allegations.

94.    The allegations in paragraph 94 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

95.    The allegations in paragraph 95 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

96.     The allegations in paragraph 96 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

97.     The allegations in paragraph 97 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

98.     The allegations in paragraph 98 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

99.     The allegations in paragraph 99 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

100.     The allegations in paragraph 100 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

101.     The allegations in paragraph 101 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies

these allegations.

102.    Defendant admits that these events were widely reported. Defendant denies being aware of this reporting at the time.

103.    The allegations in paragraph 103 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

104.    The allegations in paragraph 104 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

105.    Defendant denies that Officer Sicknick's tragic death in any way, directly or indirectly, resulted from the events of January 6, 2021. Defendant lacks knowledge or sufficient information to form a belief as to the remaining allegations in paragraph 105 and therefore denies these allegations.

106.    The allegations in paragraph 106 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

107.    The allegations in paragraph 107 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

108.     Defendant admits the allegations in paragraph 108.

109.     Defendant admits that the District of Columbia's Chief Medical Examiner determined that Officer Sicknick died of a series of strokes. Defendant further admits that the Medical Examiner also stated that "all that transpired on [January 6] played a role in his condition" but denies that this remark in any way supports Plaintiff's claim.

110.     The allegations in paragraph 110 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

111.     The allegations in paragraph 111 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

112.     Defendant admits that in July 2022, Defendant signed a factual proffer as part of Defendant's plea agreement arising out of the events of January 6, 2021. Defendant further admits that his proffer admits to trespass and disorderly conduct. The remaining allegations in this paragraph are not directed at the Defendant, and so no response is required. To the extent a response is deemed required, Defendant lacks knowledge or sufficient information to form a belief as to the remaining allegations in paragraph 112 and therefore denies these allegations.

113.     The allegations in paragraph 113 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

114.    Defendant admits that the remarks in this paragraph were made but denies their applicability to Defendant's conduct in this matter. Defendant denies attempting to enter the U.S. Capitol for any reason, and further denies taking any action to stop the certification of the 2020 U.S. Presidential Election.

115.    The allegations in paragraph 115 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

116.    The allegations in paragraph 116 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

117.    The allegations in paragraph 117 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

### CLAIMS FOR RELIEF

**Count I**
**Wrongful Death**
**D.C. Code 16-2701**
**(Against All Defendants)**

118.    Defendant restates and incorporates its responses set forth in paragraphs 1 through 117.

119.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

120.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

121.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

122.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

123.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

124.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

125.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

126.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

127.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

128.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

129.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

130.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

131.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count

against all defendants and therefore all allegations in this paragraph are denied.

132.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

133.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

134.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

135.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

136.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

137.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

**COUNT 2**
**Survivor's Action**
**D.C. Code 12-101**
**(Against all Defendants)**

138.    Defendant restates and incorporates its responses set forth in paragraphs 1 through 137.

139.    Defendant denies the allegations in paragraph 139.

140.    Defendant denies the allegations in paragraph 140.

141.    Defendant denies the allegations in paragraph 141.

142.    Defendant denies the allegations in paragraph 142.

**COUNT 3**
**Conspiracy to Violate Civil Rights (Interference with Official Duties)**
**42 U.S.C. 1985(1)**

**(Against all Defendants)**

143.    Defendant restates and incorporates its responses set forth in paragraphs 1 through 142.

144.    Paragraph 144 cites to a statute, which speaks for itself, and does not contain any allegation of fact, therefore it does not require a response. To the extent a response is required, Defendant denies the allegations in this paragraph.

145.    Defendant denies the allegations in paragraph 145. Defendant never agreed with any other person to prevent Congress and Vice President Pence from discharging their duties to count the Electoral College vote and certify President Biden and Vice President Harris as the winners of the 2020 Presidential Election. Defendant further denies inducing Congress and Vice President Pence to leave the U.S. Capitol in the performance of their official duties by interrupting, hindering, and impeding the performance of those duties.

146.    Defendant denies forming a violent conspiracy whose aim was to unlawfully thwart the results of the 2020 Presidential Election. Defendant did not travel to D.C., the U.S. Capitol, or anywhere else with any intentions of violence. Defendant lacks information sufficient to form a belief as to the intent or state of mind of Defendant Trump, or why he made any statement, public or private.

147.    Defendant denies forming a violent conspiracy whose aim was to unlawfully thwart the results of the 2020 Presidential Election. Defendant did not travel to D.C., the U.S. Capitol, or anywhere else with any intentions of violence. Defendant lacks information sufficient to form a belief as to the intent or state of mind of Defendant Trump, or why he made any statement, public or private.

148.    Defendant admits the allegations in paragraph 148.

149.    The allegations in paragraph 149 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, Defendant denies that the intent of this rally, as Defendant understood it, was to halt the certification of the 2020 Presidential Election.

150.    Defendant admits to traveling to D.C. on January 6, 2021. Defendant denies any understanding that Defendant Trump's promotion of a rally that day was an invitation to Defendant to act violently to stop Congress from certifying the Electoral College vote. Defendant further denies that Defendant Trump's tweets were, in essence, an offer to join a conspiracy to disrupt Congress. Defendant did not travel to D.C., the U.S. Capitol, or anywhere else with any intentions of violence. Defendant further denies that by coming to D.C. on January 6, 2021, Defendant indicated his agreement to an unlawful conspiracy to disrupt Congress and deny office to President Biden and Vice President Harris.

151.    Defendant admits to hearing Defendant Trump give a speech on January 6, 2021. Defendant lacks information sufficient to form a belief as to whether the exact words written in this paragraph were spoken by Defendant Trump. Regardless, Defendant denies that he understood any portion of Defendant Trump's speech, or its entirety, as a threat of violence or intimidation to coerce Congress to disregard the results of the election. Defendant further denies that he endorsed and supported Defendant Trump's remarks as part of, and in furtherance of, an unlawful conspiracy to overturn the 2020 Presidential Election results.

152.    Defendant denies the allegations in paragraph 152. Defendant did not attack the U.S. Capitol.

153.    The allegations in paragraph 153 are a statement of the law, to which no response is required. To the extent a response is required, Defendant admits that this paragraph is an accurate

statement of the law but denies its applicability to Defendant's conduct.

154.    Defendant denies the allegations of paragraph 154.

155.    Defendant denies the allegations of paragraph 155. Defendant did not enter into any conspiracy.

156.    The allegations in paragraph 156 are not directed at this Defendant, and so no response is required. To the extent a response is deemed required, this Defendant lacks knowledge or sufficient information to form a belief as to the allegations in this paragraph and therefore denies these allegations.

157.    Defendant denies the allegations in paragraph 157.

158.    Defendant denies the allegations in paragraph 158.

159.    Defendant denies the allegations in paragraph 159 that pertain to this Defendant's conduct. Defendant lacks knowledge or sufficient information to form a belief about the remaining allegations in this paragraph and therefore denies these allegations.

**COUNT 4**
**Negligence *Per Se***
**(Violation of D.C. Code 22-1322 – Rioting or Inciting to Riot)**
**(Against all Defendants)**

160.    Defendant restates and incorporates its responses set forth in paragraphs 1 through 159.

161.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

162.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

163.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

164.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

165.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

166.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

167.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

168.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

**COUNT 5**
**Negligence *Per Se***
**(Violation of 18 U.S.C. 1752(a) and (4))**
**(Against all Defendants)**

169.    Defendant restates and incorporates its responses set forth in paragraphs 1 through 159.

170.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

171.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

172.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

173.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

174.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count

against all defendants and therefore all allegations in this paragraph are denied.

175.    On January 2, 2024, by its Memorandum and Order, the Court dismissed this count against all defendants and therefore all allegations in this paragraph are denied.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph in the Amended Complaint beginning "WHEREFORE," Defendant Tanios denies, generally and specifically, that Plaintiff is entitled to judgment against or for any relief whatsoever from Defendant Tanios.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Amended Complaint become known to the Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

1.    Plaintiff has failed to state claims upon which relief may be granted against Defendant and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Defendant. Therefore, Plaintiff's claims should be dismissed or withdrawn.

2.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3.    Plaintiff is not entitled to recover any damage, or any recovery awarded should be reduced by the amount of damages that reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Amended Complaint.

4.    Defendant did not engage in any conduct that was outrageous, intentional and malicious, or done with reckless disregard with respect to Plaintiff. Nor did Defendant engage in

any knowing, willful, or fraudulent conduct with respect to Plaintiff.

5.      The allegations in the Amended Complaint are barred by application of the professional rescuer doctrine.

6.      The allegations in the Amended Complaint are barred by the Plaintiffs' contributory negligence.

7.      Defendant's actions were not the actual or proximate cause of any harm to Officer Sicknick.

8.      Plaintiffs are neither eligible for, nor entitled to, any punitive damages in this matter.

9.      Plaintiffs are neither eligible for, nor entitled to, any attorney's fees or costs in this matter.

10.     Plaintiff lacks standing to bring the claims alleged in the Amended Complaint.

11.     Plaintiff has unclean hands and cannot recover on the claims alleged within the Amended Complaint.

12.     Defendant reserves the right to plead and assert additional affirmative and other defenses that may be supported by the facts disclosed in discovery of this matter.

WHEREFORE, Defendant George Pierre Tanios respectfully demands that the Amended Complaint be dismissed, that judgment be entered in his favor, and that he be awarded such other and further relief as the nature of this matter requires.

Respectfully submitted,

  */s/ James R. Andersen*
James R. Andersen (Bar ID: MD0186)
Adam T. Sampson (Bar ID: MD0188)
Rollins, Smalkin, Richards & Mackie, L.L.C.
300 E. Lombard Street, Suite 900
Baltimore, MD 21202
Ph: (410) 727-2443
Fx: (410) 727-8390
jandersen@rsrm.com
asampson@rsrm.com
*Attorneys for Defendant George Pierre Tanios*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of January 2024, a copy of the foregoing Answer to Amended Complaint was served via the Court's e-filing.

  */s/ James R. Andersen*
James R. Andersen