IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE *et al.*,<br><br>                    *Plaintiffs*,<br><br>      v.<br><br>DONALD J. TRUMP *et al.*,<br><br>                    *Defendants*. | Case No. 21-cv-00400 (APM) (lead case)<br><br>*Consolidated with* Case Nos.<br>      21-cv-00586 (APM)<br>      21-cv-00858 (APM)<br>      21-cv-02265 (APM)<br>      22-cv-00010 (APM)<br>      22-cv-00011 (APM)<br>      22-cv-00034 (APM)<br>      23-cv-00038 (APM) |

**JOINT STATUS REPORT**

Pursuant to the Court's April 18, 2024 Memorandum Opinion and Order (Dkt. 106) and April 23, 2024 Minute Order, the undersigned parties submit this joint status report regarding the parties' respective positions on a schedule for completing discovery, including from third-parties, relating to the immunity inquiry. *See* Dkt. 106 at 9. Consistent with the Court's April 23, 2024 Minute Order, the parties will submit their proposed stipulated protective order by May 10, 2024.

**I.    Schedule for Immunity-Related Discovery from Defendant Trump**

    **A.    Plaintiffs' Position**

Plaintiffs believe that Defendant Trump's claim to immunity is a discrete issue on which discovery can be completed in 90 days. The Court first ordered the parties on February 16, 2024, to address "the expected parameters of," and a "timeline for," immunity-related discovery. Dkt. 78. When Defendant Trump submits his description of his immunity defense and related information on May 15, 2024, the parties will have had three months to consider appropriate avenues of discovery. An additional 90 days from this date (that is, until July 26) therefore should more than suffice to complete immunity-related discovery. Because the Court has ordered Defendant Trump to provide a detailed description of the basis for his immunity defense, the identities of

witnesses and documents presently known to his counsel, and what discovery he will require by May 15, 2024, Plaintiffs reserve the right to modify their time estimate following that disclosure.

Plaintiffs intend to make use of publicly available sources of information that may bear on the immunity defense, such as the Final Report of the January 6 Committee, testimony from other legal proceedings, and other public reporting. Accordingly, Plaintiffs anticipate that much of the required information will already be available.

Plaintiffs served tailored immunity-related requests for admission ("RFAs") and interrogatories on Defendant Trump on April 25, 2024, to which the Rules require a response by May 28, 2024. *See* Fed R. Civ. P. 33(b)(2), 36(a)(3). Plaintiffs' RFAs do not implicate Defendant Trump's Fifth Amendment privilege against self-incrimination, because "[a]n admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b). The interrogatories also will not implicate Defendant's Fifth Amendment privilege because only Defendant Trump's counsel, not Trump himself, need sign the responses, as contemplated by the Court's order and Rule 36. *See id.* R. 36(a)(3); Dkt. 106 at 4. Plaintiffs' estimate of three months to complete immunity related discovery is based upon the assumption that Defendant Trump will timely respond to discovery served upon him, and that Defendant Trump's responses will not require motion practice.

### B. Position of President Trump

President Trump agrees with Plaintiffs that immunity is and should be treated as a discrete issue, but believes that discovery will require at least 180 days to be completed.

President Trump notes that this is a significant reduction from his previous estimate that discovery would require nine months or more. *See* ECF 82 at 9. This reflects the progress the parties have made in this matter, including Plaintiffs' representations that they are not seeking to

depose President Trump nor have him respond to interrogatories that would bind him beyond this Court's immunity determination. *See* Pls.' Opp'n to Def.'s Mot., ECF 93, at 16.

Nevertheless, President Trump believes this Court should take a pragmatic approach to discovery that reflects the complex nature of this case, even in this more limited posture.

First, President Trump believes Plaintiffs' proposed reliance on "Final Report of the January 6 Committee, testimony from other legal proceedings, and other public reporting" is inappropriate. The January 6 Committee was a partisan investigation with a predetermined outcome. It was not an adversarial proceeding and did not provide any opportunity to depose or cross examine purported witnesses. Thus, it should not be viewed as "evidence" or used to short circuit a full and fair judicial process in these matters.

Second, many of the same issues identified by President Trump in the February 22 Joint Status Report (ECF 82) and at the February 23 status conference remain. To wit, as a practical matter many of the documents that will be necessary at this stage in these proceedings are unlikely to be in President Trump's possession. Rather, they are likely to be housed with third parties outside of President Trump's control, including government agencies such as the National Archives and Records Administration and the United States Department of the Interior.

Similarly, testimony that is germane to the question of immunity is likely to come, at least in part, from current and former government employees. Obtaining their testimony may require following the *Touhey* process. Obtaining testimony of current and former officials may implicate questions of executive privilege, the assertion of which may be outside of President Trump's control. And the testimony of former government officials may implicate their own ongoing or potential criminal proceedings. While these may not be insurmountable obstacles, they are challenges that will likely require more time to resolve than a typical case.

Finally, President Trump does not share Plaintiffs' optimism that discovery will not require motions practice. As President Trump previously noted, discovery in this matter is likely to require the Court to manage disputes over privilege issues as they arise as well as "significant disputes over constitutional issues." *See* Stmt. of P&A in Supp. of Def. Trump's Mot., ECF No. 90-1, at 5.

Moreover, the novel position of this litigation—conducting discovery for the limited purpose of assessing an immunity claim—is likely to yield disputes over the scope of permissible discovery. For example, Plaintiffs' Request for Admission, described above, ask for admissions regarding multiple public statements that do not have an obvious nexus to the immunity inquiry described by *Blassingame*. At minimum, these RFAs suggest that the parties have different ideas of what falls within the scope of an immunity inquiry. The parties will confer to resolve these disputes, however, it is likely that these scope issues will continue to arise and eventually necessitate motions practice.

In light of these issues, President Trump believes a 180-day period for discovery is appropriate and pragmatic solution to moving forward in these matters.

Dated: April 26, 2024

/s/ *Joseph Sellers*
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue N.W. Fifth Floor
Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com

Janette McCarthy-Wallace, Bar No. OH066257
Anthony P. Ashton, Bar No. MD25220
Anna Kathryn Barnes Barry,
D.C. Bar No. 1719493
NAACP
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

/s/ *David Warrington*
David A. Warrington
D.C. Bar No. 1616846
Jonathan M. Shaw
D.C. Bar No. 446249
Gary M. Lawkowski
D.C. Bar No. 1781747
DHILLON LAW GROUP, INC.
2121 Eisenhower Ave, Suite 402
Alexandria, Virginia 22314
Telephone: (703) 574-1206
Facsimile: (415) 520-6593
dwarrington@dhillonlaw.com
jshaw@dhllonlaw.com
glawkowski@dhillonlaw.com

Jesse R. Binnall VA022
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA  22314
Telephone: (703) 888-1943
Facsimile: (703) 888-1930
jesse@binnall.com

*Attorneys for Defendant Donald J. Trump*

<u>/s/ *Matthew Kaiser*</u>
Matthew Kaiser, D.C. Bar No. 486272
Sarah Fink, D.C. Bar No. 166663
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*

<u>/s/ *Patrick Malone*</u>
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
(application for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland (Bar No. MD0141)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W. #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame and Sidney Hemby*

/s/ *Edward Caspar*
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, D.C. 20005
Telephone: 202-662-8390
ecaspar@lawyerscommittee.com
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

Faith E. Gay, pro hac vice
Joshua S. Margolin, pro hac vice
Claire O'Brien, pro hac vice
Elizabeth H. Snow, pro hac vice
Babak Ghafarzade, pro hac vice
Esther D. Ness, pro hac vice
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com
bghafarzade@selendygay.com
eness@selendygay.com

William J. Blechman, pro hac vice
Elizabeth B. Honkonen, pro hac vice
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al*.

/s/ *Mark Zaid*
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*

/s/ *Patrick Malone*
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et al.;*
*Bobby Tabron et al.; and Briana Kirkland*